Brad T. Hunsicker
(Wyo. State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 North Center Street, Sixth Floor
PO Box 548
Casper, WY 82602
307-234-8991

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| RED EAGLE OIL, INC. ) | Case No. 11-20857 |
| ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |

**EXPEDITED MOTION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTIONS 361 AND 363**

**COMES NOW** Red Eagle Oil, Inc., a Wyoming Corporation ("REO"), by and through its counsel and hereby moves the Court pursuant to 11 U.S.C. §§ 361 and 363 and Bankruptcy Rules 4001 and 9014 for entry of an order authorizing and approving REO's interim use of cash collateral and granting adequate protection and setting a final hearing thereon, and in support hereof shows the Court as follows:

**Jurisdiction and Venue**

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are § 361 and 363 of the Bankruptcy Code, and Rule 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

**Background**

4.  REO, as Debtor-in-Possession, filed for relief under Chapter 11 of the Bankruptcy Court on August 1, 2011.

5.  REO is a corporation that owns and operates multiple convenience stores/gas stations

1

throughout Wyoming, as well as a fleet of transporting vehicles operating throughout Wyoming, North Dakota and Montana. The extent of REO's business operations are more fully described in the Affidavit of Bryan Hinze in Support of Cash Collateral Motion, attached hereto.

6. Over the last several months, REO has had ongoing and repeated meetings with its vendors and creditors and has tried to negotiate forbearance agreements and/or reasonable payments plans. Additionally, REO has employed a real estate broker in an attempt to sell certain real property it owns. Despite its best efforts, however, REO has been unable to resolve its liquidity and cash-flow crisis outside the bankruptcy forum. Accordingly, REO is filing Chapter 11 to preserve and maximize the value of its assets, as well as to ensure that both secured and unsecured creditors are protected.

**Pre-petition Funding**

7. A substantial portion of REO's assets, including its inventory, accounts receivables, equipment and depository accounts (the "Collateral"), are subject to a certain Commercial Security Agreement and UCC Financing Statement[s] in favor of Pinnacle Bank (the "Bank"). The Collateral, whether now in existence or generated after the petition date, constitutes "cash collateral" in which the Bank holds an interest within the meaning of § 363(a) of the Bankruptcy Code. The Bank is oversecured by an estimated $2,000,000.00.

8. REO is attempting to negotiate with the Bank to reach a consensual agreement on REO's use of cash collateral and adequate protection to be afforded to the Bank after the Petition Date. However, no agreement has yet to be reached, and thus, REO is requesting that this Court authorize the immediate use of cash collateral on an interim basis pursuant to 11 U.S.C. § 363 (c)(2)(B) and/or Fed.R.Bank.P. 4001(b)(2).

9. While REO's business has suffered in the midst of the current economic downturn, its stores have greater value as an operating enterprise then being closed and the assets sold piecemeal. If the stores were to close, REO expects that its value would go down precipitously. REO's use of

cash collateral is thus necessary to ensure that REO has sufficient working capital and liquidity to preserve and maintain the maximum value of REO's estate. REO, in the normal course of business, incurs obligations to employees and vendors for a variety of goods and services essential to the continued existence of REO as a going concern. Absent the immediate authority to use cash collateral, REO does not have the funds with which to conduct its business. Moreover, REO would not have the ability to make payroll. It is vital to REO to obtain immediate use of cash collateral to prevent the deterioration of the business, which would affect all parties in interest.

**Relief Requested**

10. Pursuant to 11 U.S.C. § 363 (c)(2)(B) and/or Fed.R.Bankr.P. 4001(b)(2), REO requests that the Court immediately authorize REO to use (a) its cash, (b) proceeds of the pre-petition Collateral, and (c) such other funds that REO obtains post-petition which may be subject to Bank's pre-petition security interest.

11. REO requests authority to use cash collateral in the amount to be set forth on a budget ("Budget") which is being negotiated and will be submitted to the Court on or before the hearing date for the Motion.

12. In accordance with Bankruptcy Rule 4001, REO requests that the use of cash collateral first be approved at an expedited preliminary hearing, and then be finally approved at a subsequent hearing upon further notice to parties in interest.

13. In accordance with Bankruptcy Rule 4001, REO requests that the final hearing be scheduled so that at least fifteen (15) days notice has been provided to parties in interest.

14. The entry of any Order authorizing the use of cash collateral will be without prejudice to the rights of REO, its creditors, any trustee appointed herein, or other party in interest, to contest the validity, extent or priority of any rights granted pursuant to pre-petition loan agreements or any security interest arising out of or related to pre-petition loan agreements to the Bank.

15. Neither REO's use of cash collateral nor any payments that may be authorized by the

Court to the Bank constitute a waiver by the Bank or REO or any other party in interest of any right or claim each may now have or in the future have with respect to any issue relating to the validity, extent or priority of the Bank's security interest.

16. By this Motion, REO seeks to use cash collateral and grant adequate protection on the terms and conditions set forth below and as may be modified and approved by the Court:

   a. REO will provide the Bank with a preliminary post-petition lien on all post-petition accounts receivable, inventory, accounts and equipment until such time as REO's use of cash collateral can be finally approved by this Court after a final hearing upon further notice to parties in interest.

   b. REO will only use the cash collateral in accordance with the Budget that will be submitted by REO on or before the hearing date of the Motion, subject to the ability to reasonably deviate from the expense line items on a cumulative basis not more than fifteen percent (15%) with prior consultation and approval of the Bank.

   c. REO will keep all its assets fully insured.

   d. REO will provide the Bank with a monthly operating report, and all other reports filed with the United States Trustee, and all pleadings filed in this case; and,

   e. The Bank may inspect REO's assets during reasonable business hours on advance notice to REO of at least 48 hours.

   f. Approval of the use of cash collateral in accordance with this Motion is on an interim basis and is in the best interests of REO, its creditors, and the estate, as it will allow REO to maintain ongoing business operations, allow REO to generate revenue and provide REO with an opportunity to propose a meaningful Plan.

**WHEREFORE**, REO prays that this Court immediately schedule a preliminary hearing on this Motion, make and enter an Order authorizing REO to use cash collateral in accordance with this Motion through the date of final hearing, authorize REO to provide adequate protection to the Bank in the form set forth herein, schedule a final hearing on the use of cash collateral, and for such further and additional relief as the Court may deem just and proper.

**DATED** this 3rd day of August, 2011.

          RED EAGLE OIL, INC.

          By:__/s/_____
           Bradley T. Hunsicker
           (Wyoming State Bar No. 7-4579)
           WINSHIP & WINSHIP, P.C.
           100 N. Center, Suite 600
           P.O. 548
           Casper, WY  82602
           (307) 234-8991

## CERTIFICATE OF SERVICE

I, Bradley T. Hunsicker, hereby certify that a true and correct copy of the foregoing **Expedited Motion for Entry of Order Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363** was served upon **Michael A. LaBazzo, attorney for Pinnacle Bank,** electronically by e-mail, **The Office of the United States Trustee**, by electronic mail, and served upon **20 Largest Unsecured Creditors** by depositing a copy thereof in the U.S. Mail, postage pre-paid, addressed as stated on matrix attached hereto, this 3rd day of August, 2011.

          ___/s/_____
          Bradley T. Hunsicker