Bradley T. Hunsicker
(Wyoming State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 North Center Street, Sixth Floor
PO Box 548
Casper, WY 82602
(307) 234-8991

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RED EAGLE OIL, INC. | ) | Case No. 11-20857 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | |

## MOTION FOR *EX-PARTE* INTERIM ORDER ALLOWING PAYMENT OF PRE-PETITION WAGES AND BENEFITS

**COMES NOW** Red Eagle Oil, Inc., a Wyoming Corporation ("REO"), by and through its counsel and hereby requests immediate *ex-parte* authorization to pay its employees their pre-petition wages and benefits that were earned, but not paid, as of the date of filing, and in support hereof shows the Court as follows:

1.      The above referenced case was filed on an emergency basis on August 1, 2011.

2.      In the ordinary course of business, REO incurs payroll obligations to one hundred fourteen (114) employees (the "Employees").  REO remits payroll two weeks in arrears on a bi-weekly basis to its Employees. Consequently, REO's next payroll is due August 10, 2011.  This payroll constitutes pre-petition wages and benefits.

3.       The most recent pay period ended on July 31, 2011 for most of the Employees.

4.      The amount and dates of the subject wages are attached hereto as Exhibit "A".

5.      There are no outstanding benefits to be paid by REO for said employees that are relevant to this Motion.

6.      No individual employee would receive in excess of $10,000.00.

7.     REO currently has sufficient funds available to pay said wages. However, wages would be paid with cash collateral, which is addressed in the Expedited Motion for Entry of Order Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363 filed herein on August 3, 2011.

9.     The immediate harm to the estate is that it needs to have employees to have any prospect of reorganization under Chapter 11.  If the employees are not insured payment of at least their wages, it is almost a certainty that they will terminate their employment with REO.

10.     Such wages would be priority debt under 11 U.S.C. § 507(a)(4) and would likely have to be paid as part of a confirmed plan in any event.

**WHEREFORE**, REO requests that the Court immediately allow it to pay all pre-petition wages and benefits due to its employees according to the normal payroll period and set the matter over a final hearing at a later date.

**DATED** this _4th_ day of August, 2011.

RED EAGLE OIL, INC.

By:__/s/_____
   Bradley T. Hunsicker
   (Wyoming State Bar No. 7-4579)
   WINSHIP & WINSHIP, P.C.
   100 N. Center, Suite 600
   P.O. 548
   Casper, WY  82602
   (307) 234-8991

**<u>CERTIFICATE OF SERVICE</u>**

I, Bradley T. Hunsicker, hereby certify that a true and correct copy of the foregoing **Motion for Ex-Parte Interim Order Allowing Payment of Pre-Petition Wages and Benefits** was served upon **The Office of the United States Trustee**, by electronic mail, this _4th_ day of August, 2011.

____/s/_____
Bradley T. Hunsicker