Bradley T. Hunsicker
(Wyoming State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 North Center Street, Sixth Floor
PO Box 548
Casper, WY 82602
(307) 234-8991

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RED EAGLE OIL, INC. | ) | Case No. 11-20857 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | |

**EXPEDITED AMENDED MOTION FOR ORDER ALLOWING
PAYMENT OF PRE-PETITION WAGES AND BENEFITS**

**COMES NOW** Red Eagle Oil, Inc., a Wyoming Corporation ("REO"), by and through its counsel, and hereby amends its Motion for *Ex-Parte* Interim Order Allowing Payment of Pre-Petition Wages and Benefits filed with this Court on August 4, 2011, and hereby requests immediate authorization to pay its employees their pre-petition wages and benefits that were earned, but not paid, as of the date of filing, and in support hereof shows the Court as follows:

1. The above referenced case was filed on an emergency basis on August 1, 2011.

2. In the ordinary course of business, REO incurs payroll obligations to one hundred fourteen (114) employees (the "Employees"). REO remits payroll two weeks in arrears on a bi-weekly basis to its Employees. The most recent pay period ended on July 31, 2011 for most of the Employees. Consequently, REO's next payroll is due August 10, 2011. This payroll constitutes pre-petition wages and benefits.

3. The amount and dates of the subject wages are attached hereto as Exhibit "A".

4. There are no outstanding benefits to be paid by REO for said employees that are relevant to this Motion.

5. No individual employee would receive in excess of $10,000.00.

6. The following is a list of insiders included in Exhibit "A":

   a. Dale Hinze
   b. Bryan Hinze
   c. Brad Hinze
   d. Bobbie Hinze
   e. Scott Hinze
   f. Juli Hinze
   g. Judith Hinze
   h. Jean Hinze

7. REO currently has sufficient funds available to pay said wages. However, wages would be paid with cash collateral, which is addressed in the Expedited Motion for Entry of Order Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363 filed herein on August 3, 2011.

8. The immediate harm to the estate is that it needs to have employees to have any prospect of reorganization under Chapter 11. If the employees are not insured payment of at least their wages, it is almost a certainty that they will terminate their employment with REO. REO must maintain its relationship with its employees so that the essential services they provide are uninterrupted.

9. Such wages would be priority debt under 11 U.S.C. § 507(a)(4) and would likely have to be paid as part of a confirmed plan in any event.

**WHEREFORE**, REO requests that the Court immediately conduct a hearing on the Motion and authorize REO it to pay all pre-petition wages and benefits due to its employees *nunc pro tunc* according to the normal payroll period to the extent necessary to avoid immediate and irreparable harm to the estate; Further, REO requests that this Court schedule an expedited hearing on or before August 9, 2011, so that REO has sufficient time available to pay pre-petition wages which come due on August 10, 2011 and for such other and further relief that this Court deems proper.

**DATED** this _5th_ day of August, 2011.

RED EAGLE OIL, INC.

        By:__/s/_____
         Bradley T. Hunsicker
         (Wyoming State Bar No. 7-4579)
         WINSHIP & WINSHIP, P.C.
         100 N. Center, Suite 600
         P.O. 548
         Casper, WY  82602
         (307) 234-8991

## **CERTIFICATE OF SERVICE**

     I, Bradley T. Hunsicker, hereby certify that a true and correct copy of the foregoing **Expedited Amended Motion for Order Allowing Payment of Pre-Petition Wages and Benefits** was served upon **The Office of the United States Trustee**, and **Micheal A. LaBazzo, attorney for Pinnacle Bank**, by electronic mail and served upon the **20 Largest Unsecured Creditors** as stated on the mailing matrix attached hereto by either facsimile or electronic mail this _5th_ day of August, 2011.

        ___/s/_____
        Bradley T. Hunsicker