Law Offices of Michael A. LaBazzo, LLC
Michael A. LaBazzo, State Bar #6-4297
1285 Sheridan Avenue, Suite 220
P.O. Box 2016
Cody, Wyoming 82414
(307) 587-6115
Attorney for Pinnacle Bank – Wyoming

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-20857 |
| RED EAGLE OIL, INC, ) | Chapter 11 |
| ) | |
| Debtor, ) | |

**CREDITOR PINNACLE BANK'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL**

**COMES NOW**, Secured Creditor Pinnacle Bank-Wyoming, by and through its counsel the Law Offices of Michael A. LaBazzo, LLC, and files the following Objection to Debtor's Noticed Motion for Entry of Order Authorizing Use of Cash Collateral. In support of the Objection to Debtor's Motion, Pinnacle Bank represents and alleges as follows:

1. On August 8, 2011, secured creditor Pinnacle Bank (Bank) filed its Response to Debtor's Expedited Motion for Entry of Order Authorizing Debtor's Use of Cash Collateral. Therein, Bank clearly "reserved" its right to object to the use of its cash collateral at the hearing on Debtor's Noticed Motion on August 22, 2011.

2. To date, Bank has not objected to the use of its cash collateral based solely on Debtor's representation to this Court and its creditors, including Bank, that Debtor's continued use of Bank's cash collateral would result in the generation of profits, thereby providing secured creditor Bank with "adequate protection" and allegedly providing an additional benefit to Debtor's numerous unsecured creditors. The entire purpose and necessity for the scheduled August 22, 2011 evidentiary hearing is to allow Debtor to satisfy its creditors, including principally Bank, that Debtor's continued use of the Bank's cash collateral is actually providing the represented "adequate protection" for the Bank and the alleged benefit (profits) for the unsecured creditors.

3. On August 22, 2011, if Debtor is unable to satisfy the Bank's serious concerns about Debtor's continued use of its cash collateral and its alleged production of profitability and generation of "adequate protection" for the Bank's secured interests, then Bank will request that the Court <u>deny</u> Debtor's Motion for Continued Use of its Cash Collateral at the Scheduled Hearing.

4. Unless Debtor produces adequate evidence of the success of its post petition usage of Bank's Cash Collateral at the time of the August 22 evidentiary hearing, then this Court must deny Debtor's Request for an Order Authorizing Debtor's Continued Use of Cash Collateral.

**WHEREFORE**, secured creditor Pinnacle Bank-Wyoming respectfully requests that this Court deny Debtor's Noticed Motion for Entry of Order Authorizing Continued Use of Cash Collateral, unless Debtor satisfies Pinnacle Bank and this Court that its continued usage of the Bank's cash collateral provides "adequate protection" for the Bank.

**DATED** this 17th day of August, 2011.

/s/
Law Offices of Michael A. LaBazzo, LLC
Michael A. LaBazzo
1285 Sheridan Avenue, Suite 220
Cody, Wyoming  82414
(307) 587-6115
Attorney for Pinnacle Bank – Wyoming

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served August 17, 2011 upon the U.S. Trustee, Debtor's counsel, and all other parties registered as CMF/ECF users in this case via the Court's CMF/ECF electronic mail service.

/s/
Michael A. LaBazzo