Timothy M. Stubson - 6-3144
Brown, Drew & Massey, LLP
159 North Wolcott, Suite 200
Casper, WY 82601
Telephone No.: (307) 234-1000
Telefacsimile No.: (307) 265-8025
Attorney for DATS Trucking, Inc., Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-20857 |
| RED EAGLE OIL, INC. ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**OBJECTION OF DATS TRUCKING, INC. TO DEBTOR'S MOTION
TO EXTEND AUTOMATIC STAY OR GRANT PRELIMINARY INJUNCTION**

COMES NOW DATS Trucking, Inc. (hereinafter DATS) by and through its attorneys, Brown, Drew & Massey, LLP and presents the following in opposition to Debtors' motion to extend the automatic stay or grant preliminary injunction.

1. Two (2) shareholders of Red Eagle Oil, Inc. (hereinafter REO or Debtor), Dale Hinze and Bryan Hinze, entered into personal guarantees with DATS Trucking.

2. On May 18, 2011 DATS filed a complaint against REO and against Dale Hinze and Bryan Hinze seeking to collect on their personal guarantees.

3. DATS has filed a motion for summary judgment seeking a judgment in its favor against Dale Hinze and Bryan Hinze which is currently pending in the United States District Court for the District of Wyoming.

4. On August 10, 2011 Debtor filed a motion to extend the automatic stay to all the shareholders of REO.

5.  As Debtor acknowledges, the protections of 11 U.S.C. § 362 ordinarily apply only to the estate of the Debtor. "The automatic stay is not available to non-bankruptcy co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *In re Stewart,* 329 B.R. 910, 914 (Bankr. M.D. Ga. 2005) (citing *Maritime Electric Co., v. Unite Jersey Bank,* 959 F.2d 1194, 1205 (3rd Cir. 1991)).

6.  The only statutory basis in the Bankruptcy Code for the issuance of an injunction against guarantors is Section 105. *In re Arrow Huss, Inc.,* 51 B.R. 853, 856 (Bankr. D. Utah 1985).

7.  A request for injunctive relief under section 105 falls within Rule 7001(7) of the Federal Bankruptcy Rules of Procedure. That requires that relief seeking injunctive relieve must begin with an adversary proceeding. *Id.*, *Collier on Bankruptcy,* ¶ 105.02[3][a]. "Courts have been near universal in reversing injunctions which have been issued without compliance with Rule 7001." *Collier on Bankruptcy,* ¶ 105.02[3][a].

8.  Even when looking past the procedural defects in Debtor's request, the law and facts in this case are not sufficient to support the requested injunctive relief. The automatic stay can only be extended to non-debtors in extraordinary circumstances. *In re Arrow Huss, Inc.,* 51 B.R. 853, 858 (Bankr. D. Utah 1985).

9.  "The movant's burden of proof is a heavy one and must be supported by substantial evidence, the quantum of which will necessarily vary depending on the scope and duration of the stay sought." *Id.* at 859.

10. Among the factors to be considered is "[w]hether the debtor is close to having a confirmable plan that will fully satisfy the affected creditor's claims." *Id.* Here that is far from the case. Instead, we stand on the front end of the case. A confirmable plan is months down the road. Consequently, any requested relief would presumably be for a lengthy period of time.

11. Debtor cites to its shareholder's role in the management of the company and the potential distraction of those shareholders if forced to address the claims against them. Debtor argues that this sort of general pressure may inhibit its ability to reorganize.

12. "The power to prevent creditors from proceeding against nondebtors must only be used in extraordinary cases, and not simply to 'assist' the debtor in reorganizing or to relieve general 'pressure' on the debtor." *Id.*

13. The mere fact that the guarantors are also involved in the company management is of little significance.

> Nothing in § 362 suggests that Congress intended that provision to strip from the creditors of a bankrupt debtor the protection they sought and received when they required a third party to guaranty the debt. Congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. Chapter 13, for example, contains a narrowly drawn provision to stay proceedings against a limited category or individual cosigners of consumer debts. *See* 11 U.S.C. §1301(a). No such protection is provided to guarantors of Chapter 11 bankrupts by § 362(a).

*Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th Cir. 1988).

"[I]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor." *In re Uni-Marts, LLC,* 405 B.R. 113, 126 (Bankr. D. Del. 2009). (quoting *McCartney v. Integra Nat'l Bank N.A.* 106 F.3d 506, 509-10 (3d Cir. 1997).

14. In addition to the argument that REO's officers may be distracted, Debtor suggests that those who have pledged their personal guarantees may need to infuse capital into the Debtor's operations. This reminder serves as powerful evidence against extending the automatic stay. It is clear that without the limitations of bankruptcy, the personal guarantors can move assets at their will regardless of whether it benefits creditors or not. In extending the

3

injunction, this court would be offering protection to the guarantors without the corresponding requirements of bankruptcy which protect against the wasting of assets. Such an approach would substantially undermine creditor's ability to collect from guarantors.

15. The Debtor also argues that if officers are required to pay their obligations under the guarantee that they are somehow entitled to an indemnity claim against REO. Therefore Debtor argues that a claim against its officers is a claim against REO.

16. The Bankruptcy Code makes specific allowance for the exact issues raised by Debtor. "Guarantors of debtors proceeding in bankruptcy under Chapter 11 are limited to claims for reimbursement or contribution to the extent allowed under 11 U.S.C. § 502(e) or subrogation to the rights of the creditor under 11 U.S.C. § 509." *Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th Cir. 1988). Judgment against the guarantors won't undermine the bankruptcy. Instead, the guarantors will simply step into the creditor's shoes to the extent they are faced with a judgment on their guarantee. The specific allowance in the Code for just these kinds of circumstances serves as yet additional proof that extension of the automatic stay is inappropriate in this case.

WHEREFORE DATS requests that the Court deny Debtor's request to issue an injunction prohibiting all collection efforts against the officers of Red Eagle Oil, Inc.

DATED: August 22, 2011.

                                  DATS TRUCKING, INC., Creditor

                              By:      /s/ Timothy M. Stubson
                                TIMOTHY M. STUBSON - #6-3144
                                Brown, Drew & Massey, LLP
                                159 North Wolcott, Suite 200
                                Casper, WY  82601

                                Attorneys for DATS TRUCKING, INC.,
                                Creditor

## Certificate of Service

     The undersigned hereby certifies that the foregoing was served on the parties herein this 22nd day of August, 2011, electronically or by depositing a true and correct of the same in the United States mail, postage prepaid and properly addressed as follows:

Bradley Hunsicker                    U.S. Trustee
Winship & Winship                    308 West 21st Street, 2nd Floor
100 North Center, 6th Floor        Cheyenne, WY  82001-3663
P.O. Box 548
Casper, Wyoming 82602-0548

                                /s/ Timothy M. Stubson