Keith J. Dodson, W.S.B. # 6-4254
P. Craig Silva, W.S.B. # 6-3066
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:    (307) 265-0700
Facsimile:    (307) 266-2306
Emails:       kdodson@wpdn.net
              csilva@wpdn.net

ATTORNEYS FOR CREDITOR
EQUITABLE OIL PURCHASING COMPANY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) |
| RED EAGLE OIL, Inc., | ) Docket No. 11-20857 |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |

### OBJECTION OF EQUITABLE OIL PURCHASING COMPANY TO THE MOTION FOR EXTENSION OF AUTOMATIC STAY AND PRELIMINARY INJUNCTION

COMES NOW, Creditor Equitable Oil Purchasing Company, by and through its attorneys, P. Craig Silva and Keith J. Dodson of Williams, Porter, Day, and Neville P.C., and hereby objects to the *Debtor's Motion to Extend the Automatic Stay or Grant Preliminary Injunction* (ECF No. 66). The grounds for the objection are as follows:

1.  Equitable Oil Purchasing Company has a lawsuit pending in the Wyoming State District Court in Cody, Wyoming. (Equitable Ex. A). The *Complaint* sues Dale Hinze and Hinze, Inc. as guarantors to fuel purchases made by Red Eagle Oil, Inc. (Equitable Ex. B). On August 2, 2011, Counsel for Red Eagle Oil, Inc., filed in the State Court proceeding Red Eagle's notice of bankruptcy and automatic stay. Subsequently, *sue sponte,* the State District Court

specifically ordered that the automatic stay only applied to Red Eagle Oil, Inc. and not the other named Defendants; namely Dale A. Hinze and Hinze, Inc. (Equitable Ex. C). In response, Red Eagle Oil, Inc. has moved this Court to extend the automatic stay to Dale A. Hinze and others. Red Eagle Oil Inc.'s request should be denied. The reasons for denying the request are legion.

2.  Local Bankruptcy Rule 4001-1(B) specifically requires that an extension of automatic stay pleading be verified, which is procedurally lacking here. The Debtor's pleading does not even in name indicate that it is verified, and it is not supported by verification in any respect.

3.  Putting that procedural error aside, substantively there is no basis for the extension of stay. The overwhelming general rule is that the automatic stay protection does not extend to non-filing co-debtors, including without limitation, a guarantor or surety. In other words, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Ghugach Forest Products, Inc. v. Northern Stevedoring & Handling Corporation*, 23 F.3d 241, 246 (9th Cir. 1994) (no violation automatic stay or extension not granted for foreclosure on maritimelien); *Advanced Ribbons & Office Prods. v. U.S. Interstate Distrib.* 125 B.R. 259, 263 (Bankr. 9th Cir. 1991) (foreclosure on stock pledge as security for debtor's liability does not violate stay); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-94 (9th Cir. 1993) (creditor may sue non-bankrupt cosingers of promissory note); *O'Malley Lumber Co., v. Lockard*, 884 F.2d 1171, 1176-79 (creditor may sue nonbankrupt surety); and *Ingersonll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) (creditor may sue nonbankrupt guarantor).

4. In many respects, these cases turn on whether the debtor presented evidence of exceptional or extraordinary circumstances to establish the need for the extension of the stay. For example, the Court should consider *Kalispell Feed and Grain Supply et al., Inc. v. Norwest Bank Kalispell, et al.,* 55 BR 627 (Bankr. 1985). The debtor in the *Kalispell Feed and Grain Supply* case was Kalispell Feed and Grain Supply. The Willbur-Ellis Company had brought a state court lawsuit against John W. Martin and Patricia Martin who were stockholders in John W. Martin Construction Company, Inc. which was the sole stockholder in Kalispell Feed and Grain, Inc. *Id* at 628. John and Patricia Martin were guarantors on the debtor's notes. *Id.* The argument was that failure to apply the automatic stay to the Martins would frustrate the reorganization since the Martins are the only persons who can provide future financing to the debtor corporation. The court refused to apply the automatic stay because the Martins did not individually have any cash revenues to infuse capital in the debtor corporation. *Id.* The debtor in this case wants to rely on a similar argument stating that guarantors and "Officers may have to infuse cash and or other assets in Red Eagle, Inc. from related entitled owned by the Officers." (Debtor's Motion, ECF No. 66, ¶ 8). However, there is absolutely no evidence provided whatsoever to support a conclusion that the Officers and/or related entities have any funds to infuse to Red Eagle, Inc. In fact, if those resources were available, Red Eagle, Inc. would not be in bankruptcy and this evidence would have been provided with the pleadings on this issue. Red Eagle's proposition thus stands without evidentiary support.

5. A similar result was reached in 2009 in *Doyle v. Fleetwood Homes of Virginia, Inc.*, 2009 WL 1201697 (S.D. Va. 2009). In *Doyle*, the Doyles filed a lawsuit in state court where they sued numerous parties. Those parties sought the protection of the automatic stay in *Fleetwood Homes'* bankruptcy. Those defendants argued that, because they would be seeking

indemnification from Fleetwood Homes through the bankruptcy court, unusual circumstances existed to extend the stay to them. The court denied the stay holding the other defendants had "not offered any evidence that they would be entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." Again, the burden of proof is on the Debtor to show somehow that this case possesses some extraordinary or unusual reason to extend the stay. That proof is entirely lacking here.

6. Red Eagle, Inc. next argues the extension of the stay is merited because the state lawsuits are against officers of the company. (Debtor's Motion, ECF No. 66, ¶¶ 3-4). This too is not supported by the overwhelming authority. In *Oklahoma Federated Gold and Numismatics, Inc. v. Michael Blodgett*, 24 F.3d 136 (10th Cir. 1994), Oklahoma Federated Gold and Numismatics, Inc.'s claims against T.G. Morgan, Inc. were stayed because of its bankruptcy. As such, Mr. Blodgett argued the claims against him should be equally stayed because he was the President of T.G. Morgan, Inc. *Id.* at 141. The court did not extend the automatic stay to the President or Officer of T.G. Morgan, Inc., holding that "the rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent codefendants." *Id.* The key word here is solvent, if these officers want to take advantage of the automatic stay, then those officers should file bankruptcy bringing their assets and debts to the bankruptcy court to be examined and reviewed. Otherwise, from a public policy standpoint, why should they really be given the benefit of the stay—there is no legitimate reason to do so.

7. Application or seeking of injunctive relief does not change the analysis in this case much in that there must be evidence to support the injunction. In *In Re Supermercado Gambo, Inc.*, 68 B.R. 230 (Bankr. 1986), the court held that, in the context of issuing an injunction for non-debtor defendants, the court must find and the debtor must show: (1) That the

debtor would suffer irreparable harm if the injunction was not granted; (2) That such injury outweighs the harm to the other parties; (3) That the debtor has exhibited a likelihood of success on the merits; and (4) That the public good will not be adversely affect by granting the injunction. *Id.* at 233. The court denied the injunction in the above case because:

> . . .[T]he Defendant has submitted no affidavits on the pertinent factual background, other than certain details as to the unpaid debts, personal guarantees, demands, and Commonwealth court litigation in question.

*Id.* at 233. The court went on to deny the injunction, as to non-debtor officers, because conclusory, unsupported allegations of irreparable harm were not sufficient to sustain the burden for an injunction. *Id.* at 234. The court went on to say that "defendant puts forth a cogent argument to the effect that non-debtor officers and shareholders should not benefit from bankruptcy court injunctive relief without paying the price by filing their own Chapter 11 petitions." *Id.* In addition, in *Apollo Molded Products, Inc. v. Kleinman*, 83 B.R. 189 (Bankr. 1988), a similar argument was made that if the injunction or stay were not an issue, the individual shareholder or guarantor would not have the psychological energy to continue reorganization because of all the individual battles in state court proceedings in which he would be involved. *Id.* at 192-193. (In this case, that argument was made in ¶ 12 of the Debtor's motion). The *Apollo* Court was unpersuaded holding such pressure on a debtor's principal would actually galvanize him to "exert his best efforts to bring about an early Chapter 11 plan for the payment of all creditors, including the particular creditor hounding him on his personal guaranty." *Id.* at 193. Likewise, if the debtors argument is carried out to its logical conclusion, injunctive relief could be used to halt all major proceedings against the principal leading to illogical results like enjoining divorce proceedings because his energies would be diverted from

the reorganization. *Id.* at 193. The court then went on to conclude that such arguments were really disingenuous because there was really no defense to the state court actions so no energy would be expended to litigate those claims because they would be easily decided on summary judgment. *Id.* at 193. Thus, those arguments were ineffective in *Apollo* and should also be ineffective here.

8.  In the event other creditors file briefs opposing Red Eagle, Inc. and those briefs and authorities have positive application to this creditor, then this creditor joins in those briefs and applicable arguments and authority, and incorporates those briefs and applicable arguments and authority herein.

DATED this 22nd day of August 2011.

          EQUITABLE OIL PURCHASING COMPANY,
          Creditor

By:     /s/
Keith J. Dodson, W.S.B. # 6-4254
P. Craig Silva, W.S.B. # 6-3066
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
Email: kdodson@wpdn.net
       csilva@wpdn.net
ATTORNEY FOR CREDITOR

<u>**CERTIFICATE OF SERVICE**</u>

    I, Keith J. Dodson, hereby certify that a true and correct copy of the foregoing document was served electronically upon the Office of the United States Trustee, Debtor, Debtor's counsel, and all other parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service. The foregoing document was also served upon the 20 Largest Unsecured Creditors by depositing a copy thereof in the U.S. Mail, postage pre-paid, addressed as stated on the matrix attached hereto, this 22nd day of August, 2011.

                                                        /s/
                                           Keith J. Dodson

## 20 Largest Unsecured Creditors Matrix:

Ameriquest
PO Box 828997
Philadelphia, PA  19182-8997

CHS Inc. Cenex
Farmers Union Oil
1600 Hwy 49N
Beulah, NE  58523-6046

Frontier Oil & Refining
Dept. 566
Denver, CO  80271-0566

Big D Oil Co.
PO Box 1378
Rapid City, SD  57709-1378

ExxonMobil Business Support
120 McDonald Street
Saint John, NB, Canada E2J 1M6

J. H. Kaspar Oil Co.
PO Box 448
Rawlins, WY  82301

Big Horn Tire
196 Hwy. 16 East
Buffalo, WY  82834-9347

Grizzly Maintenance Service
PO Box 368
Casper, WY  82602

I-State Truck Center
NW 7246
PO Box 1450
Minneapolis, MN  55485-7244

Overland Petroleum/DATS Trucking
321 N. Old Hwy. 91
Hurricane, UT  84737-3194

S&P Brake Supply
PO Box 30296
Billings, MT  59107-0296

Slater Oil
PO Box 950
Scottsbluff, NE  69363-0950

Peterbilt of Wyoming
4113 W. Yellowstone Hwy.
Casper, WY  82604-2605

Wyoming Machinery Co.
PO Box 2335
Casper, WY  82602-2335

Wyoming Refining
2743 Collection Center Drive
Chicago, IL  60693-2743

Polar Service Center
1323 Taylor Place
Billings, MT  59101-7356

Jefferson Partners LP
2100 East 26th Street
Minneapolis, MN  55485-7246

Amcon Distributing Co.
PO Box 2243
Rapid City, SD  57709

SB Fuels of Wyoming
12500 I-80 Service Road
Cheyenne, WY  82009-8410

Sapp Brothers
12500 I-80 Service Road
Cheyenne, WY  82009-8410

# EXHIBIT A
# COMPLAINT

| | | |
|---|---|---|
| STATE OF WYOMING )<br>)ss<br>COUNTY OF PARK ) | | IN THE DISTRICT COURT<br>FIFTH JUDICIAL DISTRICT<br>Civil No. 26606 |
| EQUITABLE OIL PURCHASING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DALE A. HINZE, Individually, HINZE, INC., a Wyoming Corporation, and RED EAGLE OIL, INC. a Wyoming Corporation, f/k/a HINZE, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JOYCE BOYER<br>Clerk of District Court<br><br>FILED MAY 18 2011<br><br>by LYNELL PRESTON<br>Deputy |

## VERIFIED COMPLAINT

COMES NOW Plaintiff, through undersigned counsel, and for its *Complaint*, alleges and asserts as follows:

### PARTIES

1. Plaintiff Equitable Oil Purchasing Company is a Wyoming corporation with its principal place of business in Casper, Wyoming. (Plaintiff's Exhibit 1, Secretary of State Record attached hereto and incorporated herein).

2. Defendant Dale A. Hinze is believed to be a resident of Park County, Cody, Wyoming. He is an Officer of Hinze, Inc. and Red Eagle Oil, Inc.

3. Defendant Hinze, Inc. is thought to be a Wyoming company owned by Dale A. Hinze. Hinze, Inc. is thought to be the predecessor in interest of Defendant Red Eagle Oil, Inc. Although it is not known when, at some point after 1997, Defendant Red Eagle Oil, Inc. purchased all the assets and liabilities of Hinze, Inc. (Plaintiff's Exhibit 2, Secretary of State Record attached hereto and incorporated herein).

4. Defendant Red Eagle Oil, Inc. is a Wyoming corporation in good standing. (Plaintiff's Exhibit 3, Secretary of State Record attached hereto and incorporated herein). Dale Hinze is an officer in this corporation.

EXHIBIT A

## JURISDICTION AND VENUE

5. This Court has jurisdiction to enter judgment in this matter and entertain and resolve all issues in Plaintiff's *Complaint* pursuant to Wyo. Stat. § 5-9-128 (Lexis 2011), as the amount sought exceeds $7,000.00.

6. Venue is proper pursuant to Wyo. Stat.. § 1-5-105 (Lexis 2011), as Defendants' principal offices or place of business is Cody, Wyoming.

## FACTUAL SUMMARY

7. Defendants in one capacity or another operate a chain of convenience stores that provide fuel.

8. On or about 12/02/1997, Dale Hinze executed a credit application to Plaintiff Equitable Oil Purchasing Company. This was done by Dale Hinze on behalf of Hinze, Inc. Hinze Inc. is the predecessor in interest of Red Eagle Oil, Inc. (Plaintiff's Ex. 4, Credit Application attached hereto and incorporated herein). In fact, Hinze, Inc. trademarked the name Red Eagle Oil Company, and then incorporated Red Eagle Oil, Inc. formerly known as Hinze, Inc.

9. Credit for Defendants was approved and Defendants have purchased fuel from Plaintiff ever since that date of 12/02/1997 to include times that Hinze, Inc. was operating as Red Eagle Oil Company.

10. On five separate occasions in April 2011, Defendant received but failed to pay for the fuel they ordered. (Plaintiff's Ex. 5, Fuel Purchases attached hereto and incorporated herein).

11. Plaintiff has demanded payment for these past due invoices, but Defendants have refused.

## COUNT I
## BREACH OF CONTRACT BY ALL DEFENDANTS

12. Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 11.

13. By completing the Credit Application, Defendants applied to Plaintiff "for the right to purchase goods or services on an open account . . ." and, in exchange, agreed "that all amounts due are payable within the terms specified on the invoices." (Plaintiff's Exhibit 4, p. 2). Defendant Dale Hinze personally guaranteed "the payment of any obligation of [Defendants]." (Plaintiff's Exhibit 4, p. 2)

14. Defendants received the fuel on 4/15/2011 and 4/18/2011.

2

15. Defendants have not paid for the fuel. The following amounts were taken but not paid for:

> 183811 4/15/2011 $16,357.43
> 18360 4/18/2011 $19,364.87
> 18362 4/18/2011 $34,636.37
> 183864 4/18/2011 $38,692.82
> 183866 4/18/2011 $36,686.55.

16. In violation of those promises, Defendants have failed to make payment on Plaintiff's invoices in the amount of $147,728.04.

17. Interest and attorney's fees are also due and owing under the agreement. The interest is at a rate of 1.5%. The fees are calculated at $170 per hour.

## COUNT II
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY ALL DEFENDANTS

18. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 17.

19. Defendants' failure to make payment on Plaintiff's invoices in violation of the Credit Application and Personal Guarantee is inconsistent with the agreed common purpose of those agreements and is inconsistent with Plaintiff's expectations stemming from those agreements.

20. Defendants' failure to make payment on the past due invoices prevents Plaintiff from receiving its benefit from the terms of the Credit Application and Personal Guarantee.

21. Defendants have not acted in good faith, as their failure to make payment on the past due invoices is contrary to the agreed common purpose of the Credit Application and Personal Guarantee. This is especially true since Defendants have received the goods.

22. Defendants' actions constitute bad faith, as their deliberate failure to make payment on Plaintiff's past due invoices constitutes an evasion of the spirit of the Credit Application and Personal Guarantee

23. Plaintiff has suffered damage as outlined above for Defendants' breach of this covenant.

## COUNT III
### UNJUST ENRICHMENT BY ALL DEFENDANTS

24. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 23.

25. Plaintiff rendered valuable services to Defendants by supplying several thousand gallons of fuel.

26. Defendants accepted, used, and enjoyed the fuel.

3

27. Plaintiff furnished the diesel fuel under such circumstances as would reasonably notify Defendants that Plaintiff expected to be paid for supplying it.

28. Defendants have failed to make payment on the past due invoices for the fuel and have therefore been unjustly enriched.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Find that Defendants are in breach of the terms of the Credit Application and Personal Guarantee; breach of contract; breach of covenant of good faith and fair dealing; and unjust enrichment.

2. Award Plaintiff $147,728.04 pursuant to the terms of the Credit Application and Personal Guarantee, plus costs, expenses, and attorney's fees at a rate $170 per hour incurred in this action, along with interest at the rate of 1.5% per month.

3. Award such other and further relief as the Court deems just and proper.

Dated this 17th day of May, 2011.

EQUITABLE OIL PURCHASING COMPANY

By: _____
P. Craig Silva, Bar No. 6-3066
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY 82602
307-265-0700
307-266-2306 (telefax)
csilva@wpdn.net

### VERIFICATION

Anthony K. Martin, being first duly sworn upon his oath, states that he has read the foregoing Complaint, knows the contents therefore, and states that it is true and correct to the best of his belief and knowledge.

_____
Anthony K. Martin

STATE OF WYOMING   )
                   )SS
COUNTY OF NATRONA  )

Subscribed, acknowledged and sworn to before me by Anthony K. Martin this 17th day of May, 2011.

_____
Notary Public

My commission expires: 1-21-2015

NOTARY PUBLIC
KATHY KIDD
STATE OF WYOMING
COUNTY OF NATRONA
My Commission Expires Jan 21, 2015

4

# EXHIBIT B
# GUARANTEE

12/02/97 TUE 15:35 FAX 3075876039       HINZE OIL                              ⌐00

12/02/97  11:45  ☎307 266 0383     EIGHTY-EIGHT OIL / HINZE OIL       ⌐003/004

Customer hereby applies to Company for the right to purchase goods or services on an open account. Customer warrants that the information given Company in connection with this Application is true and correct. The parties further agree that all purchases of goods or services by Customer from Company are subject to the following terms and conditions:

Customer authorizes Company to obtain a personal credit report on Customer with periodic updating and verify without liability the references contained within and to periodically update its records by verifying this information.

The undersigned Customer further agrees that all amounts due are payable within the terms specified on the invoice. If amounts due are not paid within said period, a service charge of 1-1/2% per month on the outstanding balance (unpaid principal and interest) shall be added to the sum. Interest is computed after current payments and/or credits have been applied to the oldest outstanding balance due. Nothing in this instrument shall be construed to mean that Customer is to pay, or has contracted to pay, any sum in excess of that which may be lawfully charged or contracted for under the usury laws of Customer's principal place of business and if, inadvertently, there is such excess sum, it shall be applied to reduce the principal debt.

The Customer agrees to pay all of Company's costs of collection, including court costs, legal and administrative expenses, and attorney fees paid or incurred by the Company in endeavoring to collect the sums due and owing by the Customer, whether incurred at the pretrial, trial or appellate levels. This provision shall also apply if Customer files a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against Customer by another.

PLEASE ATTACH A COPY OF YOUR LATEST FINANCIAL STATEMENT.

CUSTOMER NAME:    _Hinze Inc._____

BY:   [Print]     _Dale A. Hinze_____

      [Title]     _President_____

      [Sign]      _[signature]_____

PERSONAL GUARANTEE

I, _Dale A. Hinze_____, residing at _PO Casper OK_____, for and in consideration of your extending credit at my request to _Hinze, Inc_____, hereinafter referred to as Customer, of which I am _President_____, hereby personally guaranty to you the payment of any obligation of the Customer. I understand that I am signing this Guarantee on my own behalf PERSONALLY and not on the behalf of the Customer. I agree to bind myself to paying you on demand any sum which may come due to you by Customer whenever the Customer shall fail to pay same. I authorize you to obtain a personal credit report on me and to periodically update same. It is understood that this guaranty shall be a continuous and irrevocable guaranty and indemnity for such indebtedness of the Customer. I hereby waive notice of Customer's default and consent to any modification, extension or renewal of any indebtedness owing to Creditor from Customer and of the terms of any agreement pursuant to which credit is extended to Customer, and to the release of any collateral for, or any other party liable on, such indebtedness.

_[signature]_____                    _[signature]_____
Witness                                      Guarantor's Signature

                          EXHIBIT B

                                              c:\lak\wp51\martin\credtop-10\95

# EXHIBIT C
# ORDER

| | | |
|---|---|---|
| STATE OF WYOMING ) | | IN THE DISTRICT COURT |
| ) ss. | | |
| COUNTY OF PARK ) | | FIFTH JUDICIAL DISTRICT |

CIVIL NO. 26606

EQUITABLE OIL PURCHASING COMPANY, )
)
Plaintiff, )
)
vs. )            JOYCE BOYER
)          Clerk of District Court
DALE A. HINZE, Individually, HINZE, INC., )
a Wyoming Corporation, and RED EAGLE )   FILED AUG 03 2011
OIL, INC., a Wyoming Corporation, f/k/a )
HINZE, INC., )                             by _____
)                                    Deputy
Defendants. )

## ORDER PENDING BANKRUPTCY PROCEEDINGS

THIS MATTER COMING ON BEFORE THE COURT, and it appearing to the Court that any further proceedings regarding Defendant Red Eagle Oil, Inc., have been stayed by the United States Bankruptcy Court, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that the above-entitled matter, **as it pertains to Defendant Red Eagle Oil, Inc. only**, is hereby closed and placed in the inactive file until further order of this Court or the Federal Bankruptcy Court.

Dated this 3rd day of August, 2011.

BY THE COURT:

_____
District Judge

Copies to:

P. Craig Silva
Larry B. Jones

I certify I distributed a true
and Correct Copy of the Foregoing
this ___ day of _____, 20__, to the
following as indicated:

[mail, B Clerk's box; H hand delivery; F facsimile]

EXHIBIT C


RECEIVED AUG 4 2011