Daniel J. Morse (WY Bar # 7-4770)
Assistant United States Trustee, District of Wyoming
RICHARD A. WIELAND
UNITED STATES TRUSTEE
REGION 19
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) |
| Red Eagle Oil, Inc. | ) |
| | ) Case No. 11-20857 |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |

## UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION TO COMPOSITION OF COMMITTEE OF UNSECURED CREDITORS

The United States Trustee, through counsel, hereby files his response to Debtor's Objection to Composition of Committee of Unsecured Creditors filed by Red Eagle Oil, Inc. (the "**Debtor**") on September 21, 2011 (the "**Objection**") and requests that the Court overrule the Objection in its entirety because the Objection fails to invoke and satisfy the standard of § 1102(a)(4) of the Bankruptcy Code which sets forth the only mechanism for challenging committee composition post enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**"). In support, the United States Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On August 1, 2011, Debtor filed a voluntary petition in this Court for relief under chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**").

3. On September 13, 2011, the United States Trustee appointed a committee of unsecured creditors (the "**Committee**") in Debtor's case. See Notice of Appointment (Doc. # 154). The United States Trustee has not appointed a trustee or an examiner in Debtor's case.

4. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its affairs as a "debtor-in-possession."

## REQUESTED RELIEF

5. The United States Trustee requests that the Court overrule the Objection in its entirety because it is substantively deficient as it fails to invoke and satisfy the standard of § 1102(a)(4) of the Bankruptcy Code which sets forth the only mechanism for challenging committee composition post enactment of BAPCPA. Section 1102(a)(4), added by BAPCPA, grants bankruptcy courts express authority to review a committee's membership and order its modification upon the "request of a party in interest and after

notice and a hearing." But the scope of a bankruptcy court's authority is not unfettered: a bankruptcy court is confined to acting only upon a party in interest's request and then to determining whether the committee is adequately representative. If the committee is not, the bankruptcy court may only order a change in composition "necessary to ensure adequate representation . . . ." 11 U.S.C. § 1102(a)(4). In other words, with the enactment of § 1102(a)(4) of the Bankruptcy Code, BAPCPA expressly confined a bankruptcy court's ability to restrict a United States Trustee's long standing broad discretion when appointing members to official committees under the Bankruptcy Code. Further, as discussed below, the current Committee composition provides "adequate representation" of Debtor's unsecured creditor body.

## BASIS FOR RELIEF

### A. *Statutory Framework for the Appointment of Committees*

6. The United States Trustee Program is the division of the United States Department of Justice that enforces federal bankruptcy law. See 28 U.S.C. §§ 581-89; H.R. Rep. No. 95-595, at 110 (1977) (the United States Trustee has an "obligation to execute and enforce the bankruptcy laws"). United States Trustees "supervise the administration of cases and trustees" in all bankruptcy cases within specified geographic regions by exercising a range of oversight responsibilities. 28 U.S.C. § 586(a)(3). See generally In re Revco D.S., Inc., 898 F.2d 498, 500 (6th Cir. 1990) (explaining that United States trustees oversee the bankruptcy process, protect the public interest, and ensure that bankruptcy cases are conducted according to law). The United States Trustee

for Region 19, a senior Justice Department official appointed by the Attorney General under 28 U.S.C. § 581(a)(19), supervises the administration of bankruptcy cases in the District of Wyoming.

7. Section 1102(a)(1) of the Bankruptcy Code gives the United States Trustees specific and substantial responsibilities over the formation of chapter 11 creditors' committees. See 11 U.S.C. § 1102(a)(1) ("[A]s soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims"). In short, United States Trustees create official chapter 11 committees and name their members. Further, § 1102(b)(1) of the Bankruptcy Code "affords no right of membership" to serve on a committee. In re The Drexel Burnham Lambert Group, Inc., 118 B.R. 209, 212 (Bankr. S.D.N.Y. 1990); see also Van Arsdale v. Clemo, 825 F.2d 794, 797 (4th Cir. 1987) (stating that United States Trustee is "independent officer in determining" committee membership).

8. Congress also instructed United States Trustees to maintain oversight over the creditors' committees throughout the bankruptcy case. 28 U.S.C. § 586(a)(3)(E) (providing that United States Trustees' duties include "monitoring creditors' committees appointed under title 11."). During bankruptcy cases, United States Trustees periodically find it necessary to remove or to replace committee members for various reasons. Members resign. Members become ineligible to sit on committees. Members engage in affirmative misconduct. Members disrupt the committees' functioning. In addition, when committee members depart, the United States Trustee may substitute new members

in their place. For decades, United States Trustees have removed or substituted members in such circumstances. No court has ever held that the United States Trustee lacks the power to do so.

9. In 2005, BAPCPA changed the law in one significant way with respect to committee formation, by allowing parties to ask bankruptcy courts to order United States Trustees to change committees, but only for one limited purpose – "to ensure adequate representation." 11 U.S.C. § 1102(a)(4) (allowing parties to ask bankruptcy courts to "determine[] [whether] [a] change is necessary to ensure adequate representation of creditors or equity security holders"). Following BAPCPA, bankruptcy courts may review committee composition only for that single purpose – to determine whether a "change is necessary to ensure adequate representation." Id.

10. If the court determines that change is necessary to ensure adequate representation, § 1102(a)(4) of the Bankruptcy Code authorizes the United States Trustee, upon court order, "to change" the committee's membership. Id. But noticeably absent from § 1102(a)(4) of the Bankruptcy Code, is any express grant of authority to bankruptcy courts to alter a committee to substitute a new member for a departing one, to replace individual members who are no longer eligible to sit on the committee, or to change members who have engaged in misconduct. Given this statutory framework, it is clear that BAPCPA has amended the Bankruptcy Code to confine a bankruptcy court's ability to restrict a United States Trustee's long standing broad discretion when appointing members to official committees.

**B.  *This Court Should Deny Debtor's Requested Relief under § 1102(a)(4) of the Bankruptcy Code Because the Current Committee Adequately Represents the Creditor Body***

11.  The current Committee structure adequately represents Debtor's unsecured creditor body. "Nowhere does the Code mandate a committee must faithfully reproduce the exact composition of the creditor body. What is required is adequate representation of various creditor types." In re Hill Stores Co., 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992). All "the Code requires is that conflicting groups of creditors have a voice through adequate representation on a Committee." Id. As the Hill court recognized, adequate representation is not perfect representation. "[T]he ultimate aim is to strike a proper balance between the parties such that an effective and viable reorganization of the debtor may be accomplished." Id.

12.  Here, the Committee consists of five (5) members: (1) CHS, Inc.; (2) Wyoming Refining Company; (3) Equitable Oil Purchasing Company; (4) Sapp Bros., Inc.; and (5) Sapp Bros. Travel Centers, Inc. The Committee members consist of all of the wholly unsecured creditors that expressed an interest in serving on the Committee. The fact that Committee members are all holders of personal guarantees from certain of Debtor's principals is not an aberration, and is not terribly concerning, because Debtor's principals guaranteed a vast majority of Debtor's pre-petition debts. See Debtor's Amended Schedule H (Doc. # 164). In light of the foregoing, the United States Trustee believes that "adequate representation" of unsecured creditors has been ensured.

13. Further, even if Debtor's concerns come to fruition that the legal proceedings being brought by Committee members will cause a certain Committee member to breach its fiduciary duty to the unsecured creditors body, see Objection (Doc. # 162, p. 3), the United States Trustee can exercise his discretion during the Committee monitoring process to remove and replace Committee members where needed. At this point, the Debtor's generalized and unsubstantiated statements, without more, simply do not give any reason to believe that the current Committee members cannot adequately fulfill their fiduciary duty to represent the interests of all of Debtor's unsecured creditors. As such, the Objection should be overruled in its entirety.

## CONCLUSION

As set forth above, the Bankruptcy Code gives the United States Trustee wide discretion to appoint official committees. The Objection is substantively deficient as it fails to invoke and satisfy the standard of § 1102(a)(4) of the Bankruptcy Code which sets forth the only mechanism for challenging committee composition post enactment of BAPCPA. Given the lack of legal support for Debtor's argument, either in the relevant statute or in the case law, the Objection should be overruled in its entirety.

(remainder of page intentionally left blank)

WHEREFORE, the United States Trustee respectfully requests that the Court overrule the Objection in its entirety.

Dated: October 3, 2011.

                                          Respectfully submitted,

                                          RICHARD A. WIELAND
                                          UNITED STATES TRUSTEE
                                          REGION 19

                                          */s/ Daniel J. Morse*
                                          By: Daniel J. Morse
                                          Assistant U.S. Trustee, District of Wyoming
                                          308 West 21st Street, Room 203
                                          Cheyenne, WY 82001
                                          Direct Line: 307-772-2793

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached **UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION TO COMPOSITION OF COMMITTEE OF UNSECURED CREDITORS** was emailed, this 3rd day of October, 2011, to the following:

**Brad Hunsicker**
Winship & Winship, PC
P. O. Box 548
Casper, WY 82602

By: Daniel J. Morse
Assistant U.S. Trustee, District of Wyoming