John C. Smiley (#5-2381)
jsmiley@lindquist.com
LINDQUIST & VENNUM P.L.L.P.
600 17th Street, Suite 1800-S
Denver, Colorado 80202
Phone: (303) 573-5900
Facsimile: (303) 573-1956
Proposed Counsel for the Official Unsecured Creditors' Committee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) |
| RED EAGLE OIL, INC. | ) Case No. 11-20857 |
| | ) Chapter 11 |
| EIN: 83-0293859 | ) |
| | ) |
| Debtor. | ) |

## OFFICIAL UNSECURED CREDITORS' COMMITTEE'S OBJECTION TO MOTION FOR EXTENSION OF AUTOMATIC STAY AND PRELIMINARY INJUNCTION

The Official Unsecured Creditors' Committee ("Committee"), by and through its proposed counsel, hereby objects to the motion for extension of automatic stay and preliminary injunction filed by debtor Red Eagle Oil, Inc. ("Debtor").

1. The Committee incorporates herein by reference the objections filed by committee members CHS Inc. (Docket No. 87), DATS Trucking, Inc. (Docket 94), Equitable Oil Purchase Company (Docket No. 96), and Hermes Consolidated, Inc. d/b/a Wyoming Refining Company (Docket 126). Each party is a member of the Committee.

2. 11 U.S.C. § 362 extends to debtors and not non-debtor principals, officers, partners, employees, or guarantors. 11 U.S.C. § 362; *Otoe County National Banke v. W&P*

*Trucking, Inc.* 754 F.2d 881 (10th Cir. 1985). Debtor's officers must file their own bankruptcy petition to received the protections afford under § 362.

3. 11 U.S.C. § 105(a) is only appropriate in extraordinary circumstances. Debtor's request, however, is procedurally defective. A request for injunctive relief can only be initiated through an adversary proceeding. Fed.R.Bankr.P. 7001(7). (an adversary proceedings is "a proceeding to obtain an injunction or other equitable relief"); *see In re Smith and Son Septic and Sanitation,* 88 B.R. 375, 381 n. 6 (Bankr. D. Utah 1988).

4. Notwithstanding the procedural defect, extending the automatic stay affords non-debtor individuals substantial benefits without the obligations, risks, and obstacles when filing for bankruptcy protection. Section 105 evolved in this context in order to control nationwide product liability litigation when creditors raced to received a debtor's limited pool of resources. *See A.H. Robins Co.,* 828 F.2d 1023 (4th Cir. 1987). The facts of this case do not support the use of 11 U.S.C. § 105 to grant equitable relief.

5. This case is not analogous to *In re Thorbardin Ranch, LLC,* Case No. 09-21157, filed in this Court on November 13, 2009. In *Thorbardin,* the debtor filed a disclosure statement and proposed plan. *Id.* at Docket No. 150, p. 5. This Court reasonably imposed temporary injunctive relief during the approval proceedings. Notably, this Court calculated that approval of the plan would be complete within 120 days from its order extending the stay. *Id.*

6. The probability of success on the merits refers to the Debtor's possibility of reorganization. *In re Arrow Huss, Inc.,* 51 B.R. 853, 859 (Bankr. D. Utah 1985). The Debtor has not filed a disclosure statement or proposed plan, but concludes that an injunction will preclude irreparable harm to its reorganization efforts. As a result the Committee has no knowledge of the Debtor's actions, if any, promoting reorganization. The Debtor seeks an

extension of the stay based on speculation, which should not be sufficient. Moreover, this case was commenced over seventy days ago. The impact of the stay, or lack thereof, cannot be adjudged without specific and identified reorganization goals.

7. The Debtor's day-to-day operations were unsuccessful and resulted in this bankruptcy. The Debtor presents no evidence of changes in its operations, or proposed changes, for a successful reorganization. It is therefore nonsensical to believe that state court litigation against certain officers will preclude the Debtor's reorganization.

8. Should the Court extend the automatic stay the Committee requests that the Court limit the extension in duration and scope. The Debtor is not entitled, nor has requested, to preclude the Committee from investigating or enforcing its rights against the Debtor and/or its principals or related entities.

11. For these reasons, the Committee respectfully requests that the Court deny Debtor's motion.

Dated this 12th day of October, 2011.

LINDQUIST & VENNUM P.L.L.P.

By /s/ John C. Smiley
John C. Smiley, #5-2381

600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com

Proposed Counsel for the Official Unsecured Creditors' Committee

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2011, a true and correct copy of the foregoing **OFFICIAL UNSECURED CREDITORS' COMMITTEE'S OBJECTION TO MOTION FOR EXTENSION OF AUTOMATIC STAY AND PRELIMINARY INJUNCTION** was served electronically upon the U.S. Trustee, Debtor's counsel, and all other parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service. A courtesy copy was also sent via e-mail to the Debtor's counsel and all parties that filed an objection or otherwise responded to the Debtor's motion.

/s/ *Ethan Birnberg*
Ethan Birnberg

DOCS-#3566948-v1