IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

2:45 pm, 10/17/11

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RED EAGLE OIL, INC., | ) | Case No.  11-20857 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER DENYING DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY OR GRANT PRELIMINARY INJUNCTION TO THE SHAREHOLDERS/OFFICERS**

On October 4, 2011, this matter came before the court for an evidentiary hearing on the Motion to Extend Automatic Stay or Grant Preliminary Injunction filed by Red Eagle Oil, Inc. ("Debtor"), and the objections filed by CHS, Inc. ("CHS"), DATS Trucking ("DATS"), Equitable Oil Purchasing Company ("Equitable"), Wyoming Refining Company ("WRC"), Wells Fargo Equipment Finance ("Wells Fargo"), and the limited objection filed by ExxonMobil Oil Corp. (ExxonMobil"). After opening statements, the parties stipulated to a continuance for the purpose of resolving the matter. The court rescheduled the hearing to October 13, 2011 where it heard testimony and received evidence. At the conclusion of the hearing, the court took the matter under advisement. Upon reviewing the record, testimony and evidence, the court denies the motion.

The Debtor requests that the court extend the automatic stay to include its shareholders/officers ("Officers"): Dale Hinze, Judith Hinze, Bryan Hinze, Brad Hinze and Scott Hinze. Alternately, the Debtor requests that the court grant an injunction to halt all civil litigation against the Officers for guarantees that each signed on behalf of the

Debtor.

**Facts:**

The Debtor filed for Chapter 11 bankruptcy protection on August 1, 2011. Prior to filing, the following civil litigation was pending:

1. DATS Trucking, Inc. v. Red Eagle Oil, Inc., A Wyoming corporation; Bryan Hinze, individually...and Dale Hinze, individually, filed on May 18, 2011 in the United States District Court for the District of Wyoming;

2. Equitable Oil Purchasing Company, vs. Dale Hinze, individually, Hinze, Inc., a Wyoming Corporation and Red Eagle Oil, Inc., A Wyoming Corporation f/k/a Hinze Inc., filed on May 18, 2011 in the Fifth Judicial District Court, County of Park, State of Wyoming;

3. Hermes Consolidated Inc., a Delaware corporation, d/b/a Wyoming Refining Company vs. Red Eagle Oil, Inc., A Wyoming corporation, f/k/a Hinze, Inc. d/b/a Hinze Oil Company and Brad Hinze, an individual, filed on June 7, 2011 in the United States District Court for the District of Colorado; and,

4. Sapp Bros., Inc. and Sapp Bros. Travel Centers, Inc. vs. Red Eagle Oil Inc. and Dale Hinze, filed on June 15, 2011 in the Fifth Judicial District Court, County of Park, State of Wyoming.

Subsequent to the Debtor filing its bankruptcy petition, the following civil cases were filed:

5. Big D Oil Co., ...vs. Dale A. Hinze, Bradley A. Hinze, and Bryan A. Hinze, filed on August 10, 2011 in the Fifth Judicial District Court, County of Park, State of Wyoming; and,

6. CHS Inc.,...vs. Brad Hinze, Bryan A. Hinze, Dale A Hinze and Scott A. Hinze, filed on September 6, 2011 in the United States District Court for the District of Wyoming.

At the initiation of the Debtor's bankruptcy filing, the automatic stay became effective regarding the litigation against the Debtor. Certain officers were named as co-

defendants, due to their capacities as "guarantors" in the separate cases. Judgments have been entered in some of the cases against these guarantors. The other cases are in various stages of litigation.

Mr. Bryan Hinze ("Bryan") is the vice president, a shareholder and an employee of the Debtor. He testified that the Officers each signed numerous guarantees to vendors that provided goods and services to the Debtor. If the individual Officers are not granted the protection of the automatic stay upon the Debtor filing for bankruptcy, litigation is and will be pursued against the Officers.

Bryan testified about what he considered the vital and crucial roles that each Officer has in the Debtor's business operation. He testified that the operation of the Debtor's business and compliance with the requirements of the chapter 11 bankruptcy case is consuming and requires all his time and the time of the other Officers' and that the pending litigations are a distraction and take his and the other Officers attention away from the operation of the Debtor and its reorganization. Bryan testified that Dale Hinze, his father, was recently hospitalized, and not able to work as much as in the past. Judy Hinze, married to Dale, has also signed numerous guarantees. Bryan testified that she has a vital role in the Debtor's operations as she prepares tax reports and supervises drivers' compliance with the regulations. However, Mrs. Hinze was not involved in any pending litigation at the time of the hearing.

Bryan testified that the Debtor intends to sell the convenience store operation, continue the transportation operation, and pay creditors. He also testified that Officers are shareholders of other entities related to the Debtor. It is Bryan's intent that the

Page 3

transfer or sale of the other entities' assets, would be used to fund a proposed plan of reorganization for the Debtor. Bryan testified that he does not have the personal assets to pay the claims incurred by the Debtor, for which he signed guarantees.

Bryan admitted upon cross examination that he has been able to perform his job duties since the bankruptcy was filed and as the litigation has proceeded. Bryan testified that the Debtor has a motion pending before the court to employ Matrix[1] for the purpose of selling the Debtor's convenience store operations as part of its attempt to reorganize. The time frame for the potential sale was from 18 weeks to five or six months. Bryan testified regarding the Debtor's financial projections for October to December, 2011. Based largely upon the expanding business operations in North Dakota, the Debtor projects that it will have a net profit for that three-month period in the total amount of $211,249.50.[2] Bryan did not provide Debtor's financial projections beyond the end of 2011.

Brad Hinze, ("Brad") testified that the operations in North Dakota, of which he has the major responsibility, is expected to continue to be a stable source of revenue for the Debtor, even in inclement weather. Brad testified that he executed 16 guarantees on behalf of the Debtor and that the pending litigation is disturbing and embarrassing and has affected his family. Brad testified that he has worked for and intends to continue

---

[1] Application to Employ Matrix Private Equities Inc. as Financial Adviser, filing on October 3, 2011 by the Debtor.

[2] Projections include net monthly profits of:
    October 2011        $120,058.05
    November 2011    $62,987.71
    December 2011    $28,203.74.

work as an employee of the Debtor. Both Bryan and Brad admitted that Dale Hinze, in spite of the recent medical issues, is working at least part time.

Extending the automatic stay under §362

The Bankruptcy Code stays actions against the debtor and against property of the estate but does not forbid actions against its non-debtor principals, partners, officers, employees, co-obligors, guarantors or sureties.[3] The stay in §362(a) may not be invoked by non-debtors who are related to the debtor in some way.[4] The court finds that the automatic stay of §362(a) does not apply to the non-debtors of this case.

Granting an injunction under §105

Bankruptcy courts have enjoined actions against non-debtors through the application of §105(a), which states, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[5] A court may rely upon its equitable power under 11 U.S.C. §105(a) for specific injunctive relief. Section 105(a) has been widely utilized in attempts to enjoin court proceedings against non-debtor parties that allegedly will have an impact on the debtor's bankruptcy case. Such attempts require a case-by-case determination as to whether any particular action excepted from the automatic stay will result in sufficient harm or interference with

---

[3] *In re Arrow Huss, Inc.*, 51 B.R. 853 (Bankr. Utah 1985).

[4] *In re Medical Management Group, Inc.*, BAP No. WO-03-004, 2003 Bankr. LEXIS 678 (10th Cir. B.A.P 2003).

[5] 11 U.S.C. § 105(a).

Page 5

the bankruptcy case to warrant the issuance of a specific injunction.[6] Relief under this section is "extraordinary" and may only be used to protect debtor's interests. Unless the extension of the automatic stay is designed to protect the debtor's interest, it cannot be granted. The pivotal question is whether the debtor will suffer irreparable harm if the proceedings against the non-debtor go forward. It is the Debtor's interests, not the interests of non-debtors that § 105 is designed to protect.[7] The party seeking an injunction must prove: (1) substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction if issued, will not adversely affect the public interest."[8]

The record before this court indicates that the Officers did not meet the burden of proving that they were entitled to an injunction. The testimony presented does not establish a substantial likelihood of prevailing on the merits. Both witnesses testified regarding the Debtor's intent to sell portions of its operations and pay creditors. The financial projects were only presented through the end of this year. Bryan testified about his concerns of a drop in revenue in the early months of next year based upon the cyclical business of the convenience stores. The court finds that the retention of Matrix and the

---

[6] *In re TRS, Inc.*, 76 B.R. 805 (Bankr. D. Kan 1987) and, *In re CCDC Financial Corporation et al*, 135 B.R. 423, (Bankr. D.Kan. 1992).

[7] *In re Medical Management Group, Inc.*, BAP NO WO-03-004, 2003 Bankr. LEXIS 678, (10th Cir. BAP, June 27, 2003).

[8] *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255 (10th Cir. 2003) (*quoting Fed. Lands Legal Consortium ex rel. Robert Estate v. United States*, (195 F.3d 1190, 1194 (10th Cir. 1999).

sale of Debtor's assets was speculative and not supported by evidence of intended marketing efforts or plans.

The court does not find that the Debtor will suffer irreparable harm. The harm of litigation may be experienced by the individual guarantors, not the Debtor. The court concedes that the pending litigation on the individual Officers, is stressful. However, the witnesses' testimony indicates that the Officers are working to reorganize the Debtor. As the court finds that the threatened harm is not directed at the Debtor, but toward the Officers that signed the guarantees, there is not any need to analyze the balancing of harms. The court also finds that the public interest will not be adversely affected. Contrarily, the court is concerned about granting injunctive relief to individuals with assets, that are not under the jurisdiction and control of the court's reach.

<u>Section 105 jurisdiction</u>:

Creditors objected to the court's jurisdiction of this matter as the Debtor brought it to the court by motion rather than by filing an adversary proceeding. The Fed. R. Bankr. P. 7001(7) provides that a proceeding "to obtain an injunction or request other equitable relief" is an adversary proceeding governed by Part VII of the Bankruptcy Rules and must be commenced by filing a complaint. The Debtor argued that the purpose of requiring an adversary proceeding to obtain injunctive relief is to provide due process safe-guards to all the parties. The Debtor argues that the court should waive the requirement that the request for injunctive relief be brought by an adversary as, in reality, all the due process requirements were provided as evidenced by the objections filed and the participation of

the creditors at the hearing. The court in *Riding,* which was a proceeding to compel turnover of property, held that the Chapter 11 debtor's motion to enjoin action against its officers failed to properly invoke the jurisdiction of the bankruptcy court. The Bankruptcy Court's powers, although very broad, must be exercised in accordance with the procedural requirements of the Code and Rules.[9] Therefore, the court finds that the Debtor's motion is improperly before this court.

The court finding that the provisions of the automatic stay under §362(a) are not applicable to the Officers; that the request for injunctive relief could only be brought before the court by an adversary proceeding; and, that the non-debtors did not meet the burden of proving that they were entitled to a §105 injunction, denies the motion.

THEREFORE IT IS ORDERED that the Motion to Extend Automatic Stay or Grant Preliminary Injunction is DENIED.

DATED this __17__ day of October, 2011.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

cc:
Brad Hunsicker
John Coppede
Tim Stubson
Craig Silva
Andrew Petri
Francis Lawall
Isaac Sutphin
Jeffrey Boldt
Ethan Birnberg

---

[9] *In re Riding*, 44 B.R. 846 (Bankr. Utah, 1984).