Brad T. Hunsicker
(Wyo. State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 North Center Street, Sixth Floor
PO Box 548
Casper, WY 82602
307-234-8991

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| RED EAGLE OIL, INC. ) | Case No. 11-20857 |
| ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |

**STIPULATED MOTION TO CONTINUE FINAL HEARING ON DEBTOR'S EXPEDITED MOTION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL**

**COMES NOW** Red Eagle Oil, Inc., a Wyoming Corporation ("REO") and Creditor Pinnacle Bank-Wyoming ("Pinnacle"), by and through their respective counsel, and hereby move to continue the final hearing on *Debtor's Expedited Motion for Entry of Order Authorizing Use of Cash Collateral* and the objection filed by Pinnacle, and in support of their Stipulated Motion state as follows:

1.   REO, as Debtor-in-Possession, filed for relief under Chapter 11 of the Bankruptcy Court on August 1, 2011.

2.   A substantial portion of REO's assets, including its inventory, accounts receivables, equipment and depository accounts (the "Collateral"), are subject to a certain Commercial Security Agreement and UCC Financing Statement[s] in favor of Pinnacle. The Collateral, whether now in existence or generated after the petition date, constitutes "cash collateral" in which the Bank holds an interest within the meaning of § 363(a) of the Bankruptcy Code.

3.   REO filed its *Expedited Motion for Entry of Order Authorizing Use of Cash Collateral* on August 3, 2011. The Court entered its *Order on Motion for Expedited Hearing* on

1

August 4, 2011, wherein the Court set a preliminary hearing on August 9, 2011 and a final evidentiary hearing on August 22, 2011.

4. After the preliminary hearing, the Court entered its *Order Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363* on August 9, 2011. This Order authorized the use of Cash Collateral (in accordance with Debtor's Motion) *nunc pro tunc* from the Petition Date through the date of final hearing.

5. REO believed that its creditors would have a better sense of how its enterprise was operating once its September Monthly Operating Report was filed on or before September 20, 2011. Thus, REO believed that the final hearing set on August 22, 2011 was premature. Pinnacle agreed. Consequently, REO and Pinnacle filed a *Stipulated Motion to Continue Final Hearing on Debtor's Expedited Motion for Entry of Order Authorizing Use of Cash Collateral* ("Stipulated Motion") on August 19, 2011.

6. This Court granted the Stipulated Motion on August 22, 2011 and rescheduled the final hearing for September 28, 2011.

7. After REO filed its Monthly Operating Report for September Pinnacle consented to REO using its cash collateral for an additional thirty (30) days. REO and Pinnacle requested that the final hearing on REO's *Expedited Motion for Entry of Order Authorizing Use of Cash Collateral* be continued until the earliest of October 28, 2011, and set the final hearing for a day mutually convenient for the Court and the parties (see *Stipulated Motion to Continue Final Hearing on Debtor's Motion for Entry of Order Authorizing Use of Cash Collateral* filed herein on September 27, 2011).

8. On September 28, 2011 this Court entered its *Order Granting Motion to Continue Hearing and Order Rescheduling Evidentiary Hearing* wherein this Court rescheduled the September 28, 2011 evidentiary hearing on *Debtor's Expedited Motion for Entry of Order*

2

*Authorizing Use of Cash Collateral* for November 9, 2011.

9. Pinnacle has again consented to REO using its cash collateral for an additional thirty (30) days beyond the date of the final hearing set on November 9, 2011. Pinnacle bases its decision, in part, on Debtor's *Application to Employ Matrix Private Equities, Inc. as Financial Consultants and Financial Restructuring Advisors for Debtor Pursuant to §§ 327 and 328 of the Bankruptcy Code* ("Application to Employ Matrix"). Further, if an Order is entered by this Court prior to the date of the rescheduled final hearing (presumably to be scheduled on December 8, 2011, or as soon as possible thereafter) allowing for the employment of Matrix to facilitate the sale of Debtor's assets ("Assets") as more particularly described in the Application to Employ Matrix, Pinnacle has agreed to consent to the continued use of cash collateral until a sale of the Assets is completed, or for a period of one hundred and twenty (120) days, whichever occurs first.

10. REO and Pinnacle agree that this Court's *Order Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363* dated August 9, 2011, will remain effective through the date of the continued final hearing. Thus, Pinnacle is consenting to the continued use of the cash collateral (as defined in paragraph 7 of the Motion) in accordance with *Debtor's Expedited Motion for Order Authorizing Use of Cash Collateral*.

11. Counsel for REO has conferred with counsel for ExxonMobil Oil Corporation ("Exxon") and Exxon has stated that it has no objection to this motion or to REO using Pinnacle's cash collateral for an additional thirty (30) days.[1]

**WHEREFORE**, REO and Pinnacle request that the Court continue the final hearing set for

---

[1] REO and Pinnacle previously filed a *Stipulated Motion to Continue Final Hearing on Debtor's Motion for Entry of Order Authorizing Use of Cash Collateral* herein on September 27, 2011. After said motion was filed, counsel for REO was contacted by the Court and was informed that the motion could not be approved without the consent of ExxonMobil Oil Corporation because ExxonMobil Oil Corporation had previously filed a *Statement of ExxonMobil Oil Corporation Regarding Debtor's Motion for Entry of Order Authorizing Use of Cash Collateral* on August 8, 2011. Consequently, counsel for REO was previously required to obtain the consent of ExxonMobil Oil Corporation. Anticipating that it would again be required to obtain the consent of ExxonMobil Oil Corporation prior to this Court granting the current motion, the undersigned contacted counsel for ExxonMobil Oil Corporation and obtained consent of counsel prior to filing the current motion.

November 9, 2011 on REO's *Expedited Motion for Entry of Order Authorizing Use of Cash Collateral* to December 8, 2011, or to a day mutually convenient for the Court and for the parties as soon as possible thereafter and that this Court's prior *Order Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363* dated August 9, 2011 remain in effect until after the continued final hearing.

**DATED** this 4th day of November, 2011.

        RED EAGLE OIL, INC.

        By:__/s/_____
          Bradley T. Hunsicker
          (Wyoming State Bar No. 7-4579)
          WINSHIP & WINSHIP, P.C.
          100 N. Center, Suite 600
          P.O. 548
          Casper, WY  82602
          (307) 234-8991

        PINNACLE BANK – WYOMING

        By: ___/s/_____
          Michael A. LaBazzo
          (Wyoming State Bar No. 6-4297)
          Law Offices of Michael A. LaBazzo, LLC
          1285 Sheridan Avenue, Suite 220
          Cody, WY  82414

**CERTIFICATE OF SERVICE**

I, Bradley T. Hunsicker, hereby certify that a true and correct copy of the foregoing **Stipulated Motion to Continue Final Hearing on Debtor's Motion for Entry of Order Authorizing Use of Cash Collateral** was served upon **The Office of the United States Trustee**, **counsel for the Unsecured Creditors Committee**, **Francis J. Lawall**, attorney for ExxonMobil Oil Corporation, and all **other parties** registered as CMF/ECF users in this case via the Court's CMF/ECF electronic mail service, electronically, this *4th* day of November, 2011.

        ___/s/_____
        Bradley T. Hunsicker