Bradley T. Hunsicker
(Wyoming State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 North Center Street, Sixth Floor
PO Box 548
Casper, WY 82602
(307) 234-8991
Counsel for the Debtor

John C. Smiley (#5-2381)
jsmiley@lindquist.com
Ethan J. Birnberg (#7-4761)
ebirnberg@lindquist.com
LINDQUIST & VENNUM L.L.P.
600 17th Street, Suite 1800-S
Denver, Colorado 80202
(303) 573-5900
Counsel for the Official Unsecured Creditors' Committee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RED EAGLE OIL, INC. | ) | Case No. 11-20857 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | |

## JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## ARTICLE 1

## SUMMARY

This Plan of Liquidation (the "**Plan**") under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Code**") proposes to transfer all Estate Assets of Red Eagle Oil, Inc. (the "**Debtor**") to the Plan Agent on the Effective Date. The Plan Agent will then pay distributions to holders of Allowed Claims against the Debtor according to the priority established under the Bankruptcy Code and pursuant to the terms of the Plan.

1

This Plan provides for two (2) classes of claims and interests.  This Plan also provides for the payment of Administrative Claims and Priority Tax Claims.

All creditors and equity security holders should refer to Articles 2 through 8 of this Plan for information regarding the precise treatment of their claims and interests.  A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

<u>ARTICLE 2</u>

**GENERAL PROVISIONS**

2.1     <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

a.     <u>Administrative Claim</u>:     A claim for costs and expenses of administration under 11 U.S.C. § 503(b) of the Bankruptcy Code, including compensation for legal, accounting and other services and reimbursement of expenses awarded or allowed under the Bankruptcy Code and all fees and charges assessed against the Bankruptcy Estate under Chapter 123 of Title 28 of the United States Code.

b.     <u>Allowed</u>: As used in this Plan means:

i.     with respect to Administrative Claims, that amount allowed by a Final Order of the Bankruptcy Court;

ii.     with respect to any Unsecured Claim in Class 1, that amount set forth in

2

Debtor's Schedules as an undisputed, liquidated and non-contingent debt that is not subject to any objection by any party in interest prior to the Effective Date or subject to any objection of the Plan Agent after the Effective Date or that amount allowed (i) by Final Order of the Bankruptcy Court or (ii) by stipulation dated on or after the Effective Date as to the amount of the Claim and executed by the Plan Agent;

   iii. with respect to any other Claim, only such amount that is allowed: (i) by Final Order; or, (ii) by stipulation dated on or after the Effective Date as to the amount and nature of the Claim and executed by the Plan Agent; or

   iv. a Claim that is Allowed pursuant to this Plan.

  c. <u>Avoidance Actions</u>: All claims, rights, causes of action, defenses, counterclaims or offsets of the Bankruptcy Estate, including without limitation any causes of action arising under 11 U.S.C. §§ 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552 and/or 553, whether or not asserted or pending on the Effective Date.

  d. <u>Bankruptcy Code</u>: The Bankruptcy Reform Act of 1978, as amended from time to time.  The Bankruptcy Code is located at 11 U.S.C. §§ 101, et seq.

  e. <u>Bankruptcy Court</u>: The United States Bankruptcy Court for the District of Wyoming.

  f. <u>Bankruptcy Estate</u>: The entity created pursuant to 11 U.S.C. § 541 upon commencement of this bankruptcy case and all of the Estate Assets.

  g. <u>Bankruptcy Rules</u>: The Federal Rules of Bankruptcy Procedure, as amended from time to time.

  h. <u>Claim</u>: Any claim, as defined by 11 U.S.C. § 101(5), against the Bankruptcy Estate.

3

i.  <u>Committee</u>:  The Official Committee of Unsecured Creditors appointed in this case pursuant to 11 U.S.C. § 1102 of the Bankruptcy Code, including its official members.

j.  <u>Confirmation Date</u>:  The date on which the Court enters the Confirmation Order.

k.  <u>Confirmation Order</u>:  The Final Order entered by the Court confirming the Plan.

l.  <u>Disputed Claim</u>:  Any Claim that has not been Allowed by compromise or settlement with the Debtor and/or the Plan Agent, this Plan or Final Order of the Bankruptcy Court.

m.  <u>Effective Date</u>:  Defined in Section 2.2.

n.  <u>Estate Assets</u>:   All property of the Debtor as described in: (a) 11 U.S.C. § 541; (b) Sale Proceeds; and, (c) Avoidance Actions.  Estate Assets does not include property that has been sold or disposed of with Bankruptcy Court approval or in the ordinary course during this case or property that the Debtor has abandoned or is abandoned as of the Effective Date.

o.  <u>Final Unsecured Distribution</u>:  Defined in Section 8.3.

p.  <u>Final Order</u>:   An order or judgment of the Bankruptcy Court or other court of competent jurisdiction which has not been reversed, stayed, modified, or amended and as to which (i) the time to appeal or seek review, rehearing, or certiorari has expired (without regard to whether the time to seek relief of a judgment under Rule 60(b) of the Federal Rules of Civil Procedure has expired); and (ii) no appeal or petition for review, rehearing, or certiorari is pending, or if pending as to which no bond or other stay has been issued, or as to which any right to appeal or seek review, rehearing, or certiorari has been waived.

q.  <u>Initial Distribution Date</u>:  Sixty (60) days after the Effective Date.

r.  <u>Initial Unsecured Distribution</u>: Defined in Section 8.2.

s.  <u>Petition Date</u>: August 1, 2011.

t.  Plan:  This Plan, either in its present form or as it may be altered, amended or modified in accordance with the Bankruptcy Code or any Final Order of the Bankruptcy Court.

u.  Plan Agent:  r² advisors, llc, as the entity appointed by the Committee in consultation with the Debtor to administer the Estate Assets in accordance with the terms of the Plan.

v.  Post-Confirmation Plan Committee:  The following members of the Committee: CHS, Inc. and Equitable Oil Purchasing Company.  The Post-Confirmation Plan Committee will appoint one additional creditor as a member on or before the Effective Date.  The Post-Confirmation Plan Committee shall expire and terminate upon the earlier of the payment of the Final Unsecured Distribution or the entry of a final decree closing the case.

w.  Priority Tax Claim:  A Claim of a "governmental unit" (as defined in 11 U.S.C. § 101(27) of the Bankruptcy Code) of the kind specified in, and entitled to priority under 11 U.S.C. §§ 502(i) and 507(a)(8) of the Bankruptcy Code.

x.  Professional:  A person or entity employed by the Debtor or Committee pursuant to a Final Order in accordance with 11 U.S.C. §§ 327, 328 or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date pursuant to 11 U.S.C. §§ 327, 328, 330 or 331 of the Bankruptcy Code, for whom or for which compensation and reimbursement of expenses has been allowed by the Bankruptcy Court or is sought pursuant to 11 U.S.C. § 503(b) of the Bankruptcy Code or for whom or for which compensation and reimbursement has been allowed by the Bankruptcy Court or is sought pursuant to 11 U.S.C. § 503(b)(4) of the Bankruptcy Code.

y.  Professional Fees:  The fees for professional services rendered and expenses incurred in connection with such services by Professionals on and after the Petition Date and

DOCS-#3886708-v1

prior to and including the Effective Date.

z.   Pro Rata Share:  With respect to any distribution on a Claim, the percentage that an Allowed Claim bears to the sum of all Allowed Claims in the same Class.

aa.   Releasing Parties: Each of the following parties in their respective capacities as such: (a) the Debtor; (b) each director, officer, and/or employee employed by or serving the Debtor on or after the Petition Date; (c) all financial advisors, restructuring advisors and attorneys of the Debtor employed by and serving on or after the Petition Date; (d) the Committee; (e) each member of the Committee only in their capacity as a member of the Committee; and, (f) the Committee's attorneys and representatives.

bb. Sale Proceeds: The net proceeds from the sale of substantially all of the assets of the Debtor that occurred on December 12, 2012, together with any accumulated cash.

cc. Shareholders: Dale Hinze, Judith Hinze, Scott Hinze, Bryan Hinze and Brad Hinze.

dd. Unsecured Claims: The Allowed Claims of unsecured creditors of the Bankruptcy Estate.

ee. U.S. Trustee Fees: Defined in Section 4.4.

2.2    Effective Date of Plan.  The effective date of this Plan is the fifteenth (15th) calendar day following the date of the entry of the Confirmation Order confirming this Plan.  But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

6

2.3    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

2.4    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE 3

## CLASSIFICATION OF CLAIMS AND INTERESTS

3.1    <u>Class 1</u>.        The Allowed Unsecured Claims not entitled to priority under 11 U.S.C. § 507 of the Bankruptcy Code.

3.2    <u>Class 2.</u>        The Claims against the Bankruptcy Estate held by the Shareholders of the Debtor.

## ARTICLE 4

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

4.1    <u>Unclassified Claims</u>.  Pursuant to 11 U.S.C. § 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not in classes.

4.2    <u>Administrative Expense Claims</u>.

(a)    Except for Professional Fees requiring Bankruptcy Court approval, each holder of an Administrative Claim that has been allowed pursuant to 11 U.S.C. § 503 of the Bankruptcy Code will be paid in full on the Effective Date of this Plan, in cash; provided, however, that the Plan Agent shall be authorized, with Post-Confirmation Plan Committee

7

approval, to pay Allowed Administrative Claims that arise in the ordinary course of the Debtor's business, in full.

(b)    Any entity seeking allowance of an Administrative Claim shall prepare a final application for all fees and expenses incurred through the Effective Date, and shall file and serve such application no later than the date that is thirty (30) days after the Effective Date. Failure to timely file such application shall result in the Administrative Claim being forever barred and discharged.  As soon as practicable after the Bankruptcy Court enters a Final Order allowing an Administrative Claim pursuant to application made under this subsection, the Plan Agent shall pay the holder thereof the unpaid allowed amount of such Claim.

(c)    Any accountant, consultant, attorney or professional employed by the Plan Agent after the Effective Date shall not file fee applications for services rendered.  Such fees shall be paid by the Plan Agent.

4.3    <u>Priority Tax Claims</u>.  Each holder of an Allowed Priority Tax Claim allowed pursuant to 11 U.S.C. §§ 507(a)(8) and 502 of the Bankruptcy Code, if any, will be paid in full by the Plan Agent on the Effective Date.  Debtor does not believe there are any Priority Tax Claims.

4.4    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) ("UST Fees") will accrue and be timely paid until the Debtor's bankruptcy case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.  Any UST Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date by the Plan Agent.

## **ARTICLE 5**

### **TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

5.1    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1: Allowed Unsecured Claims | Impaired | Class 1 consists of the Allowed Unsecured Claims.  Class 1 shall be paid a Pro Rata Share with all other Allowed Unsecured Claims in accordance with the Plan.  Class 1 is impaired under the Plan. |
| Class 2: Interests in the Debtor | Impaired | Class 2 consists of the existing equity held by the Shareholders of the Debtor.  The equity interests in the Debtor shall be cancelled and receive no distribution under the Plan.  Class 2 is impaired under the Plan. |

## ARTICLE 6

## ALLOWANCE AND DISALLOWANCE OF CLAIMS; DISTRIBUTIONS

6.1     Objections and Bar Date for Filing Objections to Claims.  As soon as practicable, but in no event later than 60 days after the Effective Date (unless such deadline is extended by the Bankruptcy Court for good cause), objections to Claims shall be filed with the Bankruptcy Court by the Plan Agent, or any Professional retained by the Plan Agent, and served upon the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code, Bankruptcy Rules, or any applicable non-bankruptcy law.  Objections filed after such date will be barred.  The Plan Agent shall have full right, power and authority to investigate and, if necessary, object to Claims within the time deadline.

6.2     Settlement of Claims.  Only the Plan Agent, with approval from the Post-Confirmation Plan Committee, shall have the authority to settle Claims.  With respect to any settlement of a Claim involving an amount of $100,000 or less, no notice to creditors, or approval by the Bankruptcy Court, of the settlement will be required.  With respect to any Claim involving an amount greater than $100,000, settlement by the Plan Agent of any objection to any Claim shall be permitted on the fifteenth (15th) day after notice of the settlement has been

9

provided by the Plan Agent to the objector, the claimant, and all persons specifically requesting

such notice following confirmation of this Plan.  If on or before the objection deadline no written

objection to the proposed settlement is submitted to the Plan Agent, such settlement shall be

conclusively approved.  If a written objection to the proposed settlement is submitted before the

objection deadline, the Plan Agent and the objector shall confer to reach a consensual resolution

of the dispute.  If no resolution is reached within thirty (30) days after the Plan Agent's receipt of

the objection, the Plan Agent, or any Professional retained by the Plan Agent, shall file an

application with the Bankruptcy Court to approve the settlement and the settlement shall be

subject to approval by the Bankruptcy Court (in accordance with the standards developed under

Bankruptcy Rule 9019) and upon notice to the objecting party.

  6.3 <u>Delivery of Distributions</u>.  Distributions to holders of Allowed Claims shall be

made by the Plan Agent as follows:

  (a) At the addresses set forth in the proofs of claims filed by holders of

Claims (or the last known addresses of such holders if no proof of claim is filed or if the Debtor

has been notified of a change of address);

  (b) At the addresses set forth in written notices of address change delivered to

the Debtor after the date of any related proof of claim; or

  (c) At the addresses reflected in the Debtor's Statements and Schedules if no

proof of claim has been filed and the Debtor has not received a written notice of change of

address.

  6.4 <u>Unclaimed Distributions</u>.  If any distribution to a holder of an Allowed Claim is

returned as undeliverable, no further distributions to such holder will be made unless and until

the Plan Agent is notified of such holder's then current address, at which time all missed

distributions shall be made to the holder without interest.  All Claims for undeliverable or uncashed distributions must be made on or before the 180th day after the date applicable to such distribution, or with respect to the Final Distribution, within sixty (60) days thereof.  After such date, all such unclaimed property will revert to the Plan Agent for the benefit of remaining creditors, and the Claim of any holder or successor to such holder with respect to such property shall be discharged and forever barred, notwithstanding any law to the contrary.

6.5    <u>Estimation of Claims</u>.  For purposes of making distributions provided for under the Plan, all Claims objected to may be estimated by the Plan Agent at an amount equal to (a) such lesser amount that is agreed to by the holder of such Claim, (b) the amount claimed if the Bankruptcy Court has not made an estimation of such Claim or the holder of such Claim has not agreed to a lesser amount, or (c) the amount, if any, determined by the Bankruptcy Court pursuant to 11 U.S.C. § 502(c) of the Bankruptcy Code as an estimate for distribution purposes. In any event, the estimated amount shall be the maximum amount of the Claim for distribution purposes under this Plan and any Final Order of the Bankruptcy Court estimating the Claim shall also set the maximum amount of the Claim if it becomes an Allowed Claim.  The Plan Agent shall create a reserve from the Estate Assets sufficient to pay the estimated Claims, when and if they become Allowed Claims.  Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim so estimated until such claim is an Allowed Claim.

6.6    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a Disputed Claim until and unless such claim is allowed by a Final Order.

# ARTICLE 7

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than twenty-eight (28) days after the date of the Confirmation Order.

# ARTICLE 8

## MEANS FOR IMPLEMENTATION OF THE PLAN

8.1    Implementing Actions. Upon Court approval and confirmation of this Plan, this Plan shall be implemented and the following actions shall occur:

(a)    Between the Confirmation Date and the Effective Date, existing management will continue to manage the affairs of and operate the Debtor.  During this period, the Debtor may pay all expenses incurred in the ordinary course of business and any Administrative Claims approved by the Court;

(b)    On the Effective Date, the Plan Agent will begin serving pursuant to this Plan;

(c)    On the Effective Date, the Debtor shall transfer all Estate Assets, including the Sale Proceeds and Avoidance Actions, to the Plan Agent free and clear of all liens, liabilities, Claims and interests;

(d)    The Plan Agent shall administer the Plan and shall hold and dispose of the Estate Assets in accordance with the provisions of this Plan; and,

(e)    The Plan Agent shall carry out its responsibilities under this Plan.

8.2    Initial Distribution of Estate Assets.  On the Initial Distribution Date, up to seventy five percent (75%) of the Estate Assets shall be distributed in the following order:

(a)    First, to pay the Allowed Administrative Claims, with any excess paid as distributions to Allowed Unsecured Claims in (c) below.

DOCS-#3886708-v1

(b)      Second, to pay the Priority Tax Claims and UST Fees, with any excess paid as distributions to Allowed Unsecured Claims in (c) below.

(c)      Third, the remaining balance of the 75% of Estate Assets to the holders of Allowed Unsecured Claims in Class 1 in Pro Rata Shares (the "Initial Unsecured Distribution").

8.3    Final Distribution of Estate Assets.  Or on before two (2) years after the Effective Date, the Plan Agent shall distribute all remaining Estate Assets, less any outstanding fees and/or expenses of the Plan Agent or any accountant, consultant, attorney or professional employed by the Plan Agent after the Effective Date, in Pro Rata Shares to holders of Allowed Unsecured Claims in Class 1 (the "Final Unsecured Distribution").

8.4    Officers and Directors.  From and after the Confirmation Date and until the Effective Date, the officers and/or managers of the Debtor that serve prior to the Confirmation Date shall continue to serve as such.

8.5    Plan Agent.  r² advisors, llc (r²) will be the Plan Agent, and will perform its duties in compliance with the provisions of this Plan.  The Debtor will transfer all Estate Assets, Sale Proceeds and any and all remaining interests in the Debtor, including rights to pursue all Avoidance Actions or Claim objections, to the Plan Agent as discussed in the Plan and Disclosure Statement.  r² will be paid $350.00 per hour.  The Plan Agent will act on behalf of the Debtor and in consultation with the Post-Confirmation Plan Committee after the Effective Date, and its duties include, but are not limited to: (1) executing requisite documents; (2) transferring any remaining property and money on behalf of the Debtor in compliance with this Plan; (3) pursuing possible Avoidance Actions and/or Claim objections; (4) retaining Professionals to assist in implementing its duties and responsibilities under the Plan.

13

8.6    <u>Plan Funding</u>.   As of April 12, 2013, Debtor has cash on hand of approximately $1,248,919.44.  The Debtor is no longer generating income.

## ARTICLE 9

## NO DISCHARGE OF DEBTOR

In accordance with 11 U.S.C. § 1141(d)(3) of the Bankruptcy Code, Debtor will not receive any discharge of debt in this bankruptcy case.

## ARTICLE 10

## OTHER PROVISIONS

10.1    <u>Preservation of Debtor's Claims, Demands and Causes of Action</u>.   All claims, demands and causes of action held by, through or on behalf of the Debtor against any other person are hereby preserved in full; and no provision of this Plan shall impair the rights of the Debtor with respect to such claims, demands and causes of action, to prosecute or defend against any such preserved claims, demands and causes of action.

10.2    <u>Release and Exculpation</u>.

(a)    PURSUANT TO SECTION 1123(b)(3) OF THE BANKRUPTCY CODE, EFFECTIVE AS OF THE EFFECTIVE DATE, THE DEBTOR, IN ITS INDIVIDUAL CAPACITY AND AS DEBTOR IN POSSESSION FOR AND ON BEHALF OF ITS ESTATE, SHALL RELEASE AND DISCHARGE, AND BE DEEMED TO HAVE ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY RELEASED AND DISCHARGED ALL RELEASING PARTIES FOR AND FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION EXISTING AS OF THE EFFECTIVE DATE IN ANY MANNER ARISING FROM, BASED UPON, OR RELATED TO, IN WHOLE OR IN PART, THE DEBTOR, ANY

14

PREPETITION OR POSTPETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR RELATED TO OR ARISING OUT OF DEBTOR'S CHAPTER 11 CASE, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY SHAREHOLDER, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE, OR ANY ACT, OMISSION, OCCURRENCE OR EVENT IN ANY MANNER RELATED TO ANY SUCH CLAIMS, INTERESTS, RESTRUCTURING OR THE CHAPTER 11 CASE, INCLUDING BUT NOT LIMITED TO ANY CLAIM RELATING TO, OR ARISING OUT OF, THE FILING OR ADMINISTRATION OF THE CHAPTER 11 CASE AND ALL DOCUMENTS AND PLEADINGS FILED THEREIN, EXCEPT AS SPECIFICALLY PROVIDED IN THE PLAN.

10.3   Bankruptcy Court Jurisdiction.   The Debtor reserves the right to reopen the Chapter 11 Case after Confirmation and dismissal for the purposes set forth in this paragraph. The Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case for the following purposes:

(a)   To hear and determine any and all objections to the allowance of Claims or Interests.

(b)   To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan, to the extent such claim was incurred prior to the Effective Date.

(c)   To hear and determine any and all pending applications for the rejection or assumption, or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party, and to hear and determine any and all Claims arising therefrom.

15

DOCS-#3886708-v1

(d)    To hear and determine any and all applications, adversary proceedings, and contested matters in the Bankruptcy Court that may be pending on the Effective Date or instituted by the Debtor thereafter.

(e)    To consider any modifications of the Plan, to remedy any defect or omission, or reconcile any inconsistency in the Plan or in any order of the Bankruptcy Court, including the Confirmation Order.

(f)    To hear and determine any application to sell the Debtor's property free and clear of liens.

(g)    To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan.

(h)    To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor where the original claim or cause of action is in excess of $100,000.00.

(i)    To issue orders in aid of execution of the Plan as contemplated by Section 1142 of the Bankruptcy Code.

(j)    To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with the Plan or the Confirmation Order.

10.4    <u>Confirmation By Non-Acceptance Method</u>.  The Debtor hereby requests, if necessary, confirmation of the Plan pursuant to 11 U.S.C. § 1129(b), with respect to any impaired Class of Claims that does not vote to accept the Plan.

10.5    <u>Committee</u>.    As of the Effective Date, the Committee shall be dissolved and all members of the Committee shall have no further rights or duties arising from such membership.

Dated: May 3, 2013

RED EAGLE OIL, INC.

By:__/s/_____
    Bryan Hinze, Vice-President

16

**APPROVED AS TO FORM:**

_____/s/_____
Red Eagle Oil, Inc.
By: Bradley T. Hunsicker


_____/s/_____
Official Unsecured Creditors' Committee
By: John C. Smiley

17