B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>RED EAGLE OIL, INC.,<br>As Chapter 11 Debtor-in-Possession | DEFENDANTS<br>EQUITABLE OIL PURCHASING CO. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Bradley T. Hunsicker, WINSHIP & WINSHIP, P.C.<br>100 North Center Street, Sixth Floor<br>Casper, WY 82602   (307) 234-8991 | **ATTORNEYS** (If Known)<br>Keith J. Dodson, Williams, Porter, Day & Neville P.C.<br>159 N Wolcott, #400,<br>Casper, WY 82602   (307) 265-0700 |
| **PARTY** (Check One Box Only)<br>[x] Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>[x] Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, 550 and Wyo. Stat. § 34-14-205.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- [1,2] 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR     RED EAGLE OIL, INC. | BANKRUPTCY CASE NO.     11-20857 | |
| DISTRICT IN WHICH CASE IS PENDING     WY | DIVISION OFFICE  N/A | NAME OF JUDGE  McNiff |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE     July 31, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Bradley T. Hunsicker, WINSHIP & WINSHIP, P.C. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Bradley T. Hunsicker
(Wyoming State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 North Center Street, Sixth Floor
PO Box 548
Casper, WY 82602
(307) 234-8991
Counsel for the Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RED EAGLE OIL, INC. | ) | Case No. 11-20857 |
| EIN: 83-0293859, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| RED EAGLE OIL, as Chapter 11 | ) | Adv. No. _____ |
| Debtor-in-Possession, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| EQUITABLE OIL PURCHASING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Debtor-in-Possession, Red Eagle Oil, Inc. ("Debtor" or "Plaintiff"), for its Complaint (this "Complaint") states:

### PARTIES, JURISDICTION AND VENUE

1.      On August 1, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11, U.S.C. (the "Bankruptcy Code"), commencing bankruptcy case number 11-20857 (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court").

commencing bankruptcy case number 11-20857 (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court").

2.    The Debtor remains in possession of its property and manages its business as debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code.  An Official Unsecured Creditors' Committee was appointed in the Debtor's case.

3.    Defendant Equitable Oil Purchasing Co ("Defendant") is a Wyoming corporation.  The Defendant is registered to conduct business in the State of Wyoming. The Defendant maintains an office at 455 N Poplar St., Casper, Wyoming 82602. The Defendant's registered agent is believed to be John J. Blomstrom, 455 N Poplar St., Casper, Wyoming 82602.

4.    On August 25, 2011, Defendant filed its proof of claim in Debtor's Bankruptcy Case, alleging a claim in the amount of $156,011.13.  *See* Claims Register, Claim No. 23-1.

5.    The Court maintains jurisdiction under 28 U.S.C. §§ 157 and 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Wyoming under U.S.D.C.L.R. § XIII (A).

6.    Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F) and/or (O).

## GENERAL ALLEGATIONS

8.    Before the Petition Date, the Debtor sold fuel on a wholesale basis and had retail operations at several convenience stores in Wyoming and Montana.    When

2

operating, the Debtor entered into contracts and wrote checks or otherwise transfers payment for various obligations.

9.      As part of its wholesale business, Debtor provided Exxon-branded motor fuels pursuant to certain ExxonMobil Branded Distributor Brand Incentive Agreements ("Retail Outlet Contracts") to certain modernized retail outlets owned and operating by other entities located at the following addresses: (1) 130 Yellowstone Ave., Cody, Wyoming; (2) 1502 Sheridan, Cody, Wyoming; (3) 8116 HWY 789, Lander, Wyoming; and, (4) 110 W 2nd, Shoshoni, Wyoming.

10.     On or about May 19, 2011, the Debtor transferred or otherwise assigned all its rights and interests in the Retail Outlet Contracts to the Defendant for no or nominal value.

11.     The Debtor has sold substantially all its assets through a 11 U.S.C. § 363 sale with Bankruptcy Court approval.

### FIRST CLAIM FOR RELIEF
### Recovery of Fraudulent Transfers; 11 U.S.C. §§ 548 and 550

12.     The Plaintiff restates and incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

13.     The transfers of the Retail Outlet Contracts to Defendant were made by Plaintiff within the two year period prior to Plaintiff filing for protection under Chapter 11 of the Bankruptcy Code.

14.     Plaintiff did not receive reasonably equivalent value in exchange for the transfers of the Retail Outlet Contracts.

3

15.    After the transfers of the Retail Outlet Contracts, Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of Plaintiff were unreasonably small capital.  In the alternative, Plaintiff intended to incur, or believed it would incur, debts that would be beyond Plaintiff's ability to pay as such debts matured.

16.    Plaintiff may avoid the transfers of the Retail Outlet Contracts pursuant to 11 U.S.C. § 548 and recover the value of the transfers pursuant to 11 U.S.C. § 550.

### SECOND CLAIM FOR RELIEF
**Recovery of Fraudulent Transfers; 11 U.S.C. §§ 544 and 550 and Wyo. Stat. § 34-14-205**

17.    The Plaintiff restates and incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

18.    The transfers of the Retail Outlet Contracts to Defendant were made by Plaintiff within the four year period prior to Plaintiff filing for protection under Chapter 11 of the Bankruptcy Code.

19.    Plaintiff did not receive reasonably equivalent value in exchange for the transfers of the Retail Outlet Contracts.

20.    After the transfers of the Retail Outlet Contracts, Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of Plaintiff were unreasonably small in relation to the business or transaction.   In the alternative, Plaintiff intended to incur, or believed or reasonably should have believed it would incur, debts that would be beyond Plaintiff's ability to pay as such debts became due.

4

21.    Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid any transfer of an interest of the Plaintiff in property or any obligation incurred by Plaintiff that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is allowable only under 11 U.S.C. § 502(e).

22.    Plaintiff may avoid the transfers of the Retail Outlet Contracts pursuant to 11 U.S.C. § 544(b) and the Wyoming Uniform Fraudulent Transfer Act, Wyo. Stat. § 34-14-201 et seq., and recover the value of the transfers pursuant to 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF
### Disallowance of Claim; 11 U.S.C. § 502

23.    The Plaintiff restates and incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

24.    The Defendant is an entity from which property is recoverable under, among other things, §§ 544 and 548 of the Bankruptcy Code.

25.    The Defendant is an entity that is the transferee of a transfer avoidable under, among other things, §§ 544 and 548 of the Bankruptcy Code.

26.    The Defendant has failed to pay the amount or to turn over to the Plaintiff the value of any property for which the Defendant is liable under, among other things, §§ 544, 548 and 550 of the Bankruptcy Code.

27.    Any and all claims that the Defendant may have in the Debtor's Bankruptcy Case must be disallowed under § 502(d) of the Bankruptcy Code.

5

28.     The Plaintiff is entitled to judgment against the Defendant disallowing any

claims asserted by the Defendant in the Debtor's Bankruptcy Case, under § 502(d) of the

Bankruptcy Code.

**WHEREFORE**, the Plaintiff respectfully requests entry of judgment on this

Complaint against the Defendant for amounts to be determined by this Court, with

interest thereon, for Claims I and/or II, and disallowing any of the Defendant's claims in

the Debtor's Bankruptcy Case.

**DATED** this 31st day of July, 2013.

Respectfully submitted,

By:___/s/___Bradley T. Hunsicker
Bradley T. Hunsicker
(Wyoming State Bar No. 7-4579)
WINSHIP & WINSHIP, P.C.
100 N. Center, Suite 600
P.O. 548
Casper, WY 82602
(307) 234-8991
Counsel for Plaintiff

6