IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

10:08 am, 10/10/13

Tim J. Ellis
Clerk of Court

| In re: | ) |
|---|---|
| | ) |
| RED EAGLE OIL, INC. | )   Case No. 11-20857 |
| | )   CHAPTER 11 |
| | ) |
| Debtor. | ) |

**ORDER CONFIRMING JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Red Eagle Oil, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), filed its Joint Plan of Liquidation on May 3, 2013 (the "Joint Plan"). The Debtor's Disclosure Statement was approved by the Court on July 10, 2013. The Court held a confirmation hearing on the Joint Plan on September 4, 2013. Based on all pleadings of record and the evidence presented by the Debtor at the confirmation hearing in support of the Joint Plan, and no objections to confirmation of the Joint Plan having been made or filed, the Court makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1. The Court has jurisdiction over this Chapter 11 Case pursuant to section 1334 of title 28 of the United States Code.

2. Venue of this Chapter 11 Case is proper in this District pursuant to section 1408 and 1409 of title 28 of the United States Code.

3. Confirmation of the Joint Plan constitutes a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, over which this Court has jurisdiction to enter a final order.

4. As set forth in the Report on Ballots and Administrative Expenses filed herein on August 28, 2013, all Classes entitled to vote on the Joint Plan accepted, or are deemed to have accepted, the Joint Plan in terms of both number and amount, in accordance with Bankruptcy Code section 1126.

5. The Joint Plan and the Debtor have complied with the applicable provisions of Bankruptcy Code sections 1122, 1123, 1125 and 1129.

**NOW, AFTER DUE DELIBERATION, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

6. The Joint Plan and each of its provisions shall be confirmed in each and every respect pursuant to this Order and Bankruptcy Code section 1129.

7. In accordance with Bankruptcy Code section 1141, the Joint Plan and its provisions are binding upon the Debtor and its successors, including $r^2$ advisors, llc, any person or entity acquiring or receiving property under the Joint Plan and any holder of a Claim against or interest in the Debtor, whether the Claim or interest of such holder is impaired under the Joint Plan and whether or not such holder has filed, or is deemed to have filed, a proof of Claim or interest, or has accepted or rejected the Joint Plan.

8. Except as otherwise specifically provided under the Joint Plan, in accordance with Bankruptcy Code section 1141, any property transferred or otherwise dealt with by the Joint Plan is free and clear of all Claims and equity interests.

9. Pursuant to this Order, on the Effective Date, the transfers of assets by the Debtor contemplated under the Joint Plan will be deemed legal, valid, binding and effective transfers of property and will, to the fullest extent permitted by the Bankruptcy Code, vest in the respective transferee good title to such property, free and clear of all liens, claims and encumbrances, except as otherwise provided for by the Joint Plan or as required in order to implement the Joint Plan. The Debtor is authorized to consummate any and all transfers contemplated by the Joint Plan.

10. In accordance with Bankruptcy Code section 1141, except as otherwise specifically provided in the Joint Plan, upon the occurrence of the Effective Date, the consideration, distribution, and rights afforded under the Joint Plan shall be in exchange for and in complete satisfaction, release, and termination of all Claims against the Debtor or any of its assets. Commencing on the Effective Date, as to every discharged or released debt, Claim or interest, the holder of such debt, Claim or interest is permanently enjoined from asserting against the Debtor and its respective officers, members, directors, employees, financial advisors, including $r^2$ advisors, llc, accountants or attorneys, their respective assets and properties, and respective successors or any transferee(s) thereof, any other or further liabilities, liens, debts, rights, causes of action, Claims, encumbrances or obligations including, but not limited to, all principal and accrued and unpaid interest on the debts of the Debtor, based upon any agreements of any kind of nature, document, instrument or act, omission, transaction or other activity or security agreement that occurred prior to the Effective Date, except as expressly set forth in the Joint Plan or this Order, that was or could have been the subject of any Claim or interest, whether or not Allowed.

11. In accordance with Bankruptcy Code section 1142, the Debtor or any other entity or person designated pursuant to the Joint Plan is, and hereby are, authorized to issue, execute, deliver, file and record any document, and to take any action necessary to implement, effectuate and consummate the Joint Plan and the transactions contemplated thereunder, and any transactions contemplated therewith in accordance with their respective terms, whether or not any such document is specifically referred to in the Joint Plan and without further application to, or order of, this Court.

12. Subject to applicable law, all Persons shall be permanently enjoined from taking any action against the Debtor or any of its assets or properties, the Plan Agent, their successors or any of their subsidiaries or affiliates, or the property of the estate, to enforce or collect any Claim or equity interest, unless such action is expressly provided for in the Joint Plan.

13. In accordance with the injunctive provisions of 11 U.S.C. § 524, except as provided in the Joint Plan or this Order, as of the Effective Date, all Persons and governmental units shall be enjoined from taking any of the following actions on account of any such discharged Claims, debts or liabilities or terminated equity interest or rights: (i) commencing or continuing any action or other proceeding against the Debtor, the Plan Agent, or their respective property; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting or recovering any judgment, award, decree or order against the Debtor, the Plan Agent, or their respective property; (iii) creating, perfecting or enforcing, directly or indirectly, any lien or encumbrance against the Debtor, the Plan Agent, or property of the foregoing Persons, or any direct or indirect transferee of any property of, or any direct or indirect successor in interest to, any of the foregoing Persons or any property of such transferee or successor or taking any action (a) to prevent, restrain, refuse to file or inhibit any filing or (b) to refuse to make or accept for filing, with any governmental entity or agency, any documents necessary to carry out the Joint Plan and any transaction contemplated thereby; (iv) setting-off, seeking reimbursement of, contribution from, subrogation against or otherwise recouping directly or indirectly, any amount owed or paid to the Debtor, the Plan Agent, or any direct or indirect transferee of any property of, or any successor in interest to, or any distribution made by, any of the foregoing Persons; (v) proceeding in any manner in any place with regard to any matter that is subject to resolution by the Plan Agent, except in conformity and compliance with the Joint Plan; and (vi) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Joint Plan.

14. From and after the Effective Date, r$^2$ advisors, llc, the Plan Agent, may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed Disputed Claims and adversary proceedings and may settlement or compromise any Disputed Claim or interest in accordance with the Joint Plan. Specifically, several Avoidance Actions or other claims have been filed by the Debtor in this case. On the Effective Date, the Debtor will transfer all claims, whether or not already filed, to the Plan Agent. The Plan Agent may substitute himself as plaintiff in place of the Debtor, and pursue claims as "r$^2$ advisors, llc, as Plan Agent for the Red Eagle Oil, Inc. Bankruptcy Estate". Consistent with the provisions in the Joint Plan, the Plan Agent shall have standing to pursue all claims under the Bankruptcy Rules, the Bankruptcy Code, and any other applicable law.

15. All applications of professionals under Bankruptcy Code sections 330 or 503(b) for allowance of compensation and reimbursement of expenses accrued through the Effective Date must be filed not later than thirty (30) days after the Effective Date. All Allowed Administrative Claims will be paid pursuant to Article 4.2, or as otherwise provided for in the Joint Plan.

16. Notwithstanding confirmation of the Joint Plan or occurrence of the Effective Date, this Court hereby retains exclusive jurisdiction over all matters arising out of, and related to, the Joint Plan to the fullest extent permitted by law, including, among other things, any

amendment to the Joint Plan or this Order, Bankruptcy Code sections 105(a), 1127(b) and 1142, and for such other purposes as may be necessary or useful to aid in the enforcement, interpretation, confirmation and consummation of the Joint Plan and its implementation, as set forth in Article 10.3 of the Joint Plan.

17.  If any provision of this Order is later modified, vacated or reversed by subsequent order of this Court or any other court, such reversal, modification or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Joint Plan prior to receipt by the Plan Agent of written notice of any such order; nor shall such reversal, modification or vacation hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification or vacation hereof, any such obligation incurred or undertaken pursuant to and in reliance on this Order prior to the effective date of such reversal, modification or vacation shall be governed in all respects by the provisions hereof and of the Joint Plan, and all documents, instruments and agreements related thereto, or any amendments or modifications thereto.

18.  To the extent that the terms of this Order are inconsistent with the terms of the Joint Plan, the terms of the Joint Plan shall control. In all other respects, the terms of this Order shall remain in full force and effect.

19.  The failure to specifically the failure to reference or discuss any particular provision of the Joint Plan herein shall have no effect on the validity, binding effect and enforceability of such provision, and such provision is incorporated herein shall have the same validity, binding effect and enforceability as every other provision of the Joint Plan, including those referenced in this Order. The intent of the Court is that the Joint Plan is confirmed in its entirety, and incorporated herein by reference.

DATED this __10__ day of __October__, 2013.

BY THE COURT:

_____
United States Bankruptcy Court Judge